**In re FORTESCUE et al.**
**No. 23880.**

United States District Court
E. D. Pennsylvania.

July 29, 1954.

Morris Passon, Philadelphia, Pa., for bankrupts.

Daniel Marcu, Charles Green, Philadelphia, Pa., for creditors.

Frank Archambault Fortescue and his wife, Lois Fortescue, were adjudicated bankrupts on July 23, 1953. Among the assets of the Fortescues at the time of their adjudication was a house and lot of ground at 7448 Devon Street, Philadelphia. They acquired title to the property by a deed which was dated, delivered and recorded on December 1, 1952. When they acquired title to the property on December 1, 1952, they paid the purchase price of $16,000, (a) by borrowing $10,000 from, and giving to, the Germantown Federal Savings and Loan Association a first mortgage on the property in that amount, which was dated, delivered and recorded on that day, (b) by borrowing $3,000 from Paul E. Schlechter on a judgment note in the sum of $3,000, which was dated and delivered on December 1, 1952, and (c) by applying $3,000 of their own money toward the purchase price.

It was understood between the Fortescues and Schlechter that Schlechter would enter judgment on his judgment note after the Germantown Federal Savings and Loan Association mortgage was recorded, so that the Schlechter judgment would be a lien against the Fortescue property subject in priority to the Germantown Federal Savings and Loan Association mortgage.

Schlechter forgot to enter judgment on his judgment note. Thereafter other judgments were entered against the Fortescues as follows:

| | |
|---|---|
| February 5, 1953, Household Consumer Discount Co. | $1,200.00 |
| May 14, 1953, Land Title Bank & Trust Co. | 918.00 |
| July 1, 1953, Gimbel Brothers | 858.79 |
| July 10, 1953, Ritter Finance Co. | 300.00 |

When the Fortescues were adjudicated bankrupts Schlechter still had not entered judgment on his judgment note. He filed a petition before the Referee in Bankruptcy requesting an order allowing him to perfect his lien against the real estate at 7448 Devon Street, Philadel-

phia, as of December 1, 1952, and requesting that the trustee in bankruptcy be ordered to pay the amount of the judgment note to Schlechter as a secured claim with a priority in payment over all other claims against the proceeds of the sale of the Devon Street property except the mortgage to the Germantown Federal Savings and Loan Association. The Referee has entered an order dismissing the petition. Schlechter has filed a petition for review in this Court.

Schlechter's contention is that out of considerations of equity, because his money was used to help to pay the purchase price of the property, he is entitled to priority in the distribution of the proceeds of the sale of the Devon Street property ahead of everyone except the Germantown Federal Savings and Loan Association.

The Pennsylvania courts have applied principles of equity in the determination of whether or not liens against real estate should be created in certain cases. In Gladowski v. Felczak, 346 Pa. 660, 31 A.2d 718, 151 A.L.R. 418, a subordinate lodge sold its real estate. The purchaser mortgaged the property and used the proceeds of the mortgage to improve the property and to pay off a lien which existed against the property when it purchased it. Later the Pennsylvania Supreme Court decided that the subordinate lodge had no power to sell the property without the consent of the parent lodge, which consent had not been obtained. The Pennsylvania Supreme Court ordered the conveyance cancelled and ordered title to be transferred back to the subordinate lodge, but because the purchaser and the mortgagee were entirely innocent and because the proceeds of the mortgage had been used to pay off a lien on the property and to improve the property it was ordered that the mortgage be given the status of an equitable lien against the property.

In the Gladowski case all the equities required that an equitable lien be imposed to protect the mortgagee and to prevent the lodge from being unjustly enriched at the expense of the innocent purchaser and mortgagee. In the present case, however, there are no such compelling equities. Schlechter simply forgot to do something which the law required him to do to protect his loan to the Fortescues. All the judgment holders gave good consideration for their judgments. As between them and Schlechter no one has a superior equity and the problem is not one of equities but merely of priorities. Schlechter's claim to an equitable lien must be refused.

Schlechter also contends that he is entitled to a priority in distribution as the holder of a purchase money judgment note. This contention also must be rejected. If he had been given a mortgage rather than a judgment note perhaps he would have had a purchase money mortgage, see Commonwealth Title Ins. & Trust Co. v. Ellis, 192 Pa. 321, 43 A. 1034, but the mere existence of an unrecorded purchase money mortgage obviously would have created no lien upon the property as against creditors or subsequent mortgagees or purchasers, without actual notice of the mortgage.

An unrecorded mortgage, whether for purchase money or otherwise, is a good lien only as against the mortgagor. Except as against the mortgagor, any ordinary mortgage becomes a lien from the time of its recording notwithstanding its date. A purchase money mortgage is an exception to this rule and becomes a lien from its date, if recorded at any time within thirty days of its date. Pennsylvania Lien Priority Law, Act of June 28, 1951, P.L. 927, § 2, 68 P.S. § 602.

If Schlechter were the holder of an unrecorded purchase money mortgage, therefore, he would have no lien on the property and, holding no lien, he obviously would be entitled to no priority over actual lienholders. His rights as holder of an unrecorded purchase money judgment note certainly can rise no

higher than those rights which would flow from his being holder of an unrecorded purchase money mortgage.

And now, July 29, 1954, in accordance with the foregoing opinion, it is ordered that claimant Paul E. Schlechter's petition for review of order of Referee dismissing petition to perfect lien against bankrupts' real estate be and the same is hereby denied, and the Referee's order dismissing petition to perfect lien is hereby confirmed.