**DiPIETRO–KAY CORP.**

v.

**INTERACTIVE BENEFITS CORP.**

Civ. No. 2:92cv01027 (PCD).

United States District Court,
D. Connecticut.

June 30, 1993.

460

Thomas A. Pavano, and Edward T. Lynch, Jr., Eisenberg, Anderson, Michalik & Lynch, New Britain, CT, for plaintiff.

Jeffrey J. Mirman, Tarlow, Levy & Droney, P.C., Farmington, CT, Craig S. Taschner, Barbara B. Sacks and Deborah S. Freeman, Skelley, Rottner, Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff alleges negligent misrepresentation and concealment, intentional misrepresentation and concealment, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42–110a, *et seq.*, and Connecticut Unfair Insurance Practices Act ("CUIPA"), C.G.S. § 38a–815, *et seq.* Defendant moves to dismiss for failure to state a claim upon which relief can be granted.

### I. *Background*

In 1989, defendant ("IBC") offered insurance plans to plaintiff ("KAY") to control Kay's increasing health insurance expenditures. Kay and IBC agreed on a plan for 1990 that provided Kay's employees with 100% stop loss coverage of medical costs exceeding a $10,000 deductible. In November 1990, Kay renewed the plan for 1991 but increased the deductible to $15,000. Although the term "renewal protection rider" appeared on the 1991 contract, it was never mentioned by IBC.

During 1991, two Kay employees generated medical costs in excess of the $15,000 deductible. However, one of these employees was denied stop loss coverage because he was allegedly not "actively at work" at the beginning of the plan. During negotiations for 1992, Kay learned that a "renewal protec-tion rider" had been available on the 1991 plan and that for an additional fee, it could have guaranteed renewal of all its employees at the 1991 rate plus a nominal increase.

In December 1991, Kay renewed the plan, but IBC increased the deductibles of the two employees to $50,000 and $75,000. As a result of IBC's failure to mention or explain the "renewal protection rider," Kay was unable to avoid the substantial costs associated with the increase in the deductibles of these and other employees in 1992.

On November 23, 1992, Kay brought a three count action against IBC in Connecticut Superior Court, alleging negligent misrepresentation and concealment, intentional misrepresentation and concealment, and violations of CUTPA and CUIPA. IBC removed the case to this court. IBC now moves to dismiss for failure to state a claim upon which relief can be granted, arguing that all three counts are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, § 1144.

### II. *Discussion*

■ Motions to dismiss for failure to state a claim upon which relief can be granted are embodied in Rule 12(b)(6) of the Federal Rules of Civil Procedure. A defendant moving to dismiss pursuant to Rule 12(b)(6) asserts that a trial on the merits is unwarranted because there is no legal remedy for the claims stated by plaintiff. Rule 12(b)(6) motions to are decided solely on the facts alleged, *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985), and are granted only where no set of facts consistent with the allegations could be proven that would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### A. *Counts One and Two*

In Counts One and Two, Kay alleges that IBC misrepresented and concealed the availability of the "renewal protection rider" on the 1991 plan. IBC contends that Counts One and Two fail to state a compensable claim because ERISA preempts "any and all

State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by the statute. 29 U.S.C. § 1144(a). The issue, therefore, is whether a state common law claim for misrepresentation in the sale of an insurance plan is "related to" the plan for the purpose of preemption by ERISA.

Interpreting the words "relate to" expansively, a claim relates to a benefits plan if it "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). However, a claim may be "too tenuous, remote or peripheral" to warrant preemption. *Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21. Thus, there is no bright-line test for determining whether a state law claim is preempted by ERISA. Rather, "[t]he purpose of Congress is the ultimate touchstone in determining whether a federal law preempts a state law." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 144 (2d Cir. 1989), *cert. denied*, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989), citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

ERISA was enacted to protect participants in employee benefits plans from the "possibility that the employee's expectation of the benefit would be defeated through poor management by the plan administrator." *Massachusetts v. Morash*, 490 U.S. 107, 115, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989). Thus, ERISA imposes on administrators extensive disclosure, reporting, and fiduciary requirements. 29 U.S.C. § 1001(b). Preemption was created because benefit plans entail a myriad of administrative activities that would be difficult to coordinate if plans were subject to different regulations in different states. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11, 107 S.Ct. 2211, 2217, 96 L.Ed.2d 1 (1987). "Pre-emption ensures that the administrative practices of a benefits plan will be governed by only a single set of regulations," *Id.*, and eliminates the "threat of conflicting and inconsistent State and local regulation." *Shaw*, 463 U.S. at 99, 103 S.Ct. at 2903, quoting 120 Cong.Rec. 29197 (1974).

Legislative intent notwithstanding, the circuits are split as to whether ERISA preempts misrepresentation claims that arise from the sale of benefits plans. The Seventh Circuit has held that ERISA preempts such claims because they thwart ERISA's effort to "confin[e] benefits to the terms of the plans as written, thus ruling out oral modifications." *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir.1992). Although the misrepresentation there at issue was not an attempt to modify the contract, any money obtained from the suit "would be functionally a benefit to which the written terms of their contract do not entitle them," thereby undermining the financial integrity of the plan. *Id.*

Similarly, the Eleventh Circuit held that ERISA preempted a claim against an insurer for negligently failing to disclose material facts regarding a plan's maternity coverage before the plaintiffs purchased it. *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989). The court rejected the argument that misconduct in the sale of a plan is not related to the plan, and held that a state law claim relates to a plan for preemption purposes as long as it is not "wholly remote in content." *Id.* at 794; *accord Consolidated Beef Industries v. New York Life Ins.*, 949 F.2d 960, 964 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992) (employer's claim of misrepresentation in the sale of an insurance program was preempted because it related to the plan), citing *Farlow*, 874 F.2d at 791.

Conversely, the Fifth Circuit held that ERISA did not preempt a claim against insurance agents for fraudulently misrepresenting a plan's coverage when they sold it to the plaintiff. *Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990). The claim was held to be related to the plan only indirectly. *Id.* at 473–474, citing *Perry v. P\*I\*E Nationwide Inc.*, 872 F.2d 157 (6th Cir.1989), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990) (claims alleging misrepresentation of a plan's terms in order to induce participation are not preempted by ERISA). Also, the Tenth Circuit has held that "[d]enying ... a state law action based upon misrepresentation by the plan's insurer in no way furthers the purposes of ERISA." *Hospice of Metro Denver, Inc. v. Group*

*Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 756 (10th Cir.1991).

■ In alleging that IBC misrepresented and concealed the renewal protection rider on the 1991 plan, Kay does not challenge any action taken by IBC in the course of administering the plan, e.g., processing a claim or disbursing a benefit. Nor does Kay claim any right under the plan itself, dispute its terms, or attempt to modify it. Moreover, a one-time recovery of damages based on benefits the plan would have provided had Kay been permitted to take advantage of the renewal protection rider would not "implicate the administration of the plan, and is not consequential enough to connect the action with, or relate the action to, the plan." *Hospice*, 944 F.2d at 755. *See also Totton v. New York Life Ins. Co.*, 685 F.Supp. 27, 31 (D.Conn.1987). Kay's misrepresentation claims neither interfere with the maintenance of a nationally uniform administrative scheme nor subject IBC to conflicting regulations. Accordingly, the reasoning of *Farlow*, 874 F.2d at 794 and *Pohl*, 956 F.2d at 128, are not persuasive as failing to account for Congress' intent in enacting ERISA, particularly the preemption provision.

While such claims may impact benefits plans by increasing operating costs, this does not command preemption. "[I]f ERISA is held to invalidate every State action that may increase the cost of operating employee benefit plans, those plans will be permitted a charmed existence that never was contemplated by Congress." *Rebaldo v. Cuomo*, 749 F.2d 133, 138 (2d Cir.1984) *cert. denied*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985). Since preemption of Kay's misrepresentation claims by ERISA would not advance any of the purposes that preemption was designed to serve, IBC's motion to dismiss is denied as to Counts One and Two.

### B. *Count Three*

■ In Count Three, Kay alleges that IBC violated CUTPA and CUIPA by misrepresenting and concealing the renewal protection rider. IBC contends that Count Three is preempted by ERISA and should therefore be dismissed for failing to state a compensable claim. In support of its motion,

IBC cites cases in which CUTPA and CUIPA claims were held to be preempted by ERISA. Defendant's Memorandum at 8–9, citing *Anschultz v. Connecticut General Life Ins. Co.*, 850 F.2d 1467 (11th Cir.1988); *Cote v. Durham Life Ins. Co.*, 754 F.Supp. 18, 22 (D.Conn.1991); *Fischman v. Blue Cross & Blue Shield*, 755 F.Supp. 528, 531 (D.Conn. 1990); *Altieri v. Cigna Dental Health, Inc.*, 753 F.Supp. 61, 64 (D.Conn.1990); *Lazaroff v. Blue Cross & Blue Shield*, Civ. No. H–88–519 (TFGD), 1989 WL 235958 (D.Conn. January 11, 1989); *Stone and Stone v. Blue Cross & Blue Shield*, Civ. No. N–88–147, 1988 WL 146645 (D.Conn. November 30, 1988). However, a claim against a plan administrator is not automatically preempted if brought under CUTPA or CUIPA. As with common law misrepresentation claims, a CUTPA or CUIPA claim is preempted only if it is related to a benefits plan within ERISA. Since misrepresentation and concealment related to the sale of the plan does not relate to the plan for preemption purposes, *see supra* part II(A), IBC's motion to dismiss is denied as to Count Three.

### C. *Remand*

Since Kay's claims are not preempted by ERISA, there is no federal question jurisdiction. The action is remanded to state court.

### III. *Conclusion*

For the reasons stated above, defendant's motion to dismiss (document # 12) is denied as to all three counts. The action is remanded to state court for further proceedings.

SO ORDERED.