ROBERT E. PACE *vs.* SIGNAL TECHNOLOGY CORPORATION
& another.[1]

Norfolk. November 1, 1993. - February 18, 1994.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Employee Retirement Income Security Act. Statute*, Federal preemption.
*Employment*, Employee benefit plan. *Words*, "Relates to."

An employee's State law claim arising from his employer's misrepresenta-
tion at the time of his termination that the employee would be provided
with long-term disability benefits during the six months following his
termination did not "relate to" an employee benefit plan so as to be
preempted by the Employee Retirement Income Security Act of 1974,
29 U.S.C. §§ 1001-1461, where the employee was not seeking benefits
under a plan, and where, if he ultimately prevailed, any award against
the employer would not directly affect the administration of benefits
under the plan. [155-160]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 6, 1992.

The case was heard by *Thomas E. Connolly*, J., on a mo-
tion for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Sydelle Pittas* for the plaintiff.

*Richard L. Neumeier* for the defendants.

LIACOS, C.J. When Congress enacted the Employee Retire-
ment Income Security Act of 1974 (ERISA), 29 U.S.C.
§§ 1001-1461 (1988), it included an expansive provision pre-
empting any State laws which "relate to" an employee bene-
fits plan. The question presented by this case is whether a
claim that an employer's misrepresentation that an employee

---

[1] Olektron Corporation.

would be provided with long-term disability benefits during the six months following his termination sufficiently "relates to" an employee benefit plan so as to be preempted by ERISA. A judge of the Superior Court allowed the defendants' motion for summary judgment because he believed that the plaintiff's claims were preempted. The plaintiff appealed and we granted his application for direct appellate review. We reverse.

We recite the facts alleged by the plaintiff which the defendants accepted as true for the purpose of their motion for summary judgment. The plaintiff was discharged as president of Olektron Corporation, a wholly-owned subsidiary of Signal Technology Corporation (STC). At the time of his termination, he was told by STC that, if he accepted a six-month severance package as salary payable over six months, rather than in a lump sum as he demanded, he would continue to be covered by all insurance, including the STC's long-term disability insurance plan for those six months. Five months into the six-month payout, Pace was diagnosed with chronic, progressive multiple sclerosis.

Pace filed a claim with STC's disability insurer (UNUM) for long-term disability benefits. UNUM denied his claims because the insurance plan, by its terms, only covered employees who were actively employed. Pace's last day of work, for purposes of the insurance plan, was the date of his discharge.

Pace filed suit against STC, alleging that it had misrepresented that the long-term UNUM disability insurance coverage would continue until the expiration of the six-month payout period. He argued that STC knew, or should have known, that he was not covered because he was not actively employed. Pace alleged that, if STC had not misrepresented that he was covered by the policy, he would have taken steps to obtain such insurance elsewhere.

We approach the question whether Pace's claims for misrepresentation are preempted by ERISA, by reviewing the relevant portions of the Federal statute. ERISA provides: "[T]he provisions of this subchapter and subchapter III of

this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(b) of this title" (emphasis supplied). 29 U.S.C. § 1144(a).[2] "State law" is defined to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c).

To determine whether State law, namely, the common law of misrepresentation, "relates to" an employee benefit plan and is thus preempted, we must look to Congress's intent. "The purpose of Congress is the ultimate touchstone." *Ingersoll-Rand Co.* v. *McClendon,* 498 U.S. 133, 138 (1990), quoting *Allis-Chalmers Corp.* v. *Lueck,* 471 U.S. 202, 208 (1985). There can be no doubt that Congress intended that ERISA's preemption provision be broadly construed. See *Ingersoll-Rand Co., supra* at 138; *Pilot Life Ins. Co.* v. *Dedeaux,* 481 U.S. 41, 46-47 (1987). The provision's "deliberately expansive" language was "designed to 'establish pension plan regulation as exclusively a federal concern.' " *Pilot Life Ins. Co., supra* at 46, quoting *Alessi* v. *Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523 (1981). See *Shaw* v. *Delta Air Lines, Inc.,* 463 U.S. 85, 98-100 (1983).

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96-97. "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co., supra* at 139, quoting *Pilot Life Ins. Co., supra* at 47.

In spite of its undeniable breadth, ERISA's preemption provision does not apply to every State action that affects an employee benefit plan. "Some state actions may affect em-

---

[2]Pace has argued in his brief that the benefit at issue was not a "plan" for purposes of ERISA. The defendants, in their brief, state that "Pace concedes that the UNUM disability plan . . . was an employee benefit plan." While we see no such concession, we shall assume, for purposes of deciding this case, that the benefit was part of a plan.

ployee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw, supra* at 100 n.21.

Pace argues that his claims for misrepresentation are so remotely related to the plan, that, for purposes of preemption by ERISA, they do not "relate to" the plan. He relies largely on the point that he is not seeking coverage under the plan, or arguing that he was wrongfully denied benefits under the plan. He concedes that he was not covered by the terms of the plan during the six months following his termination. The crux of his complaint is that he relied to his detriment on STC's misrepresentation that he had coverage. He suggests that the misrepresentation could just have easily concerned some other aspect of his buy-out package, and that the fortuity of the misrepresentation involving his long-term disability benefits ought not determine whether he may maintain an action for misrepresentation. See *Greenblatt* v. *Budd Co.,* 666 F. Supp. 735, 742 (E.D. Pa. 1987): "That the subject of the deception concerned pension benefits is only incidental and not essential to the plaintiff's cause of action. Like promises for a raise in salary, a promotion, or the use of tickets to a baseball game, plaintiff's employer's promise to provide the plaintiff with certain benefits at some unknown time in the future, upon which plaintiff could reasonably rely, is the essence of the [misrepresentation] alleged."

Many Federal and State courts have considered whether ERISA preempts claims of misrepresentation regarding the scope or existence of benefits. "[T]here is ample, well reasoned authority which would support either position." *Cutler* v. *Phillips Petroleum Co.,* 859 P.2d 1251, 1254 (Wash. Ct. App. 1993). See, e.g., *Kelso* v. *General Am. Life. Ins. Co.,* 967 F.2d 388, 390-391 (10th Cir. 1992) (claims preempted); *Pohl* v. *National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir. 1992) (claims preempted); *DiPietro-Kay Corp.* v. *Interactive Benefits Corp.,* 825 F. Supp. 459 (D. Conn. 1993) (claims not preempted); *Padilla De Higginbotham* v. *Worth Publishers, Inc.,* 820 F. Supp. 48, 49 (D.P.R. 1993) (claims not preempted); *Bernatowicz* v. *Colgate-Palmolive*

*Co.,* 785 F. Supp. 488, 492-493 (D.N.J.), aff'd, 981 F.2d 1246 (3d Cir. 1992) (claims preempted); *Sandler* v. *New York News Inc.,* 721 F. Supp. 506, 512-515 (S.D.N.Y. 1989) (claims not preempted); *Greenblatt, supra* at 742 (claims not preempted); *Harbor Ins. Co.* v. *Blackwelder,* 554 So. 2d 329, 334 (Ala. 1989), cert. denied sub nom. *Blackwelder* v. *Life & Health Servs., Inc.,* 494 U.S. 948 (1990) (claims not preempted); *Bricker* v. *Maytag Co.,* 450 N.W.2d 839, 842 (Iowa 1990) (claims not preempted); *Welsh* v. *Northern Telecom, Inc.,* 85 N.C. App. 281, 289 (1987) (claims not preempted); *Mount Carmel Medical Ctr.* v. *Auddino,* 53 Ohio App. 3d 62, 66-67 (1988) (claims not preempted).

The United States Supreme Court has not addressed squarely the question whether ERISA preempts a State claim arising from an employer's misrepresentation that an employee has a benefit which, in fact, he does not have. Likewise, none of the above-cited cases is so factually similar to this case that we feel compelled to follow it.

We take our guidance from a decision of the United States District Court for the District of Massachusetts. In *Cuoco* v. *NYNEX, Inc.,* 722 F. Supp. 884 (D. Mass. 1989), the plaintiff alleged that NYNEX had misrepresented to her that she was covered under the NYNEX benefit plan through her ex-husband, who was a NYNEX employee. Later, it became clear that, as of the date of her divorce, she had not been entitled to any benefits. When she sued NYNEX to recover benefits comparable to what she once had under the NYNEX plan, NYNEX responded with a motion to dismiss on the ground that the plaintiff's claims were preempted by ERISA.

In concluding that her claims were not preempted, the court noted that the "plaintiff's claims arise not from the deprivation of any rights under the NYNEX plan but from the series of promises and misrepresentations which were allegedly made to her by defendants . . . . She was lured into a false sense of security as to her health insurance and was prevented from seeking other arrangements . . . ." *Id.* at 886. Similarly, Pace was told that he was covered under STC's

long-term disability plan, when in fact, coverage ceased on his termination date.[3]

The defendants argue, and the judge below agreed, that the facts of *Cuoco* are distinguishable from the facts of this case. The judge below did not specify what he believed the critical differences to be. We believe that as to the dispositive issue, i.e., the degree to which the misrepresentation "related to" the plan, the cases are indistinguishable. In both cases, the technical terms of the plan clearly excluded the plaintiff, and the plaintiff proceeded against the employer for its misrepresentations to the contrary.

We make two observations about the *Cuoco* decision indicating that it extends more broadly than the defendants and the judge below suggest. First, we note that the judge in *Cuoco* relied heavily on *Greenblatt, supra,* which courts have widely recognized (and sometimes rejected, see, e.g., *Bernatowicz, supra* at 493) as a leading case allowing a State misrepresentation claim similar to Pace's to proceed. Second, the *Cuoco* court adopted the broad proposition: "When the resolution of state law claims will neither 'determine whether any benefits are paid' nor 'directly affect the administration of benefits under the plan,' the claims do not 'relate to' ERISA and accordingly are not preempted." *Cuoco, supra* at 887, quoting *Gilbert* v. *Burlington Indus.,* 765 F.2d 320, 327 (2d Cir. 1985), aff'd, 477 U.S. 901 (1986). See *Teper* v. *Park West Galleries, Inc.,* 431 Mich. 202, 214 (1988). Because Pace is not seeking benefits under a plan, and because, if he ultimately prevails, any award against STC would not "directly affect the administration of

---

[3]The *Cuoco* court went on to say: "common law claims are preempted only if the relationship between the plaintiff and defendant is based on a plan governed by ERISA. In the case at bar, the relationship between the Cuocos and NYNEX is not based directly on the NYNEX plan but on verbal misrepresentations which were not part of the plan." *Cuoco* at *NYNEX, Inc.,* 722 F. Supp. 884, 886-887 (D. Mass. 1989).

benefits under the plan," *Cuoco, supra* at 887, his claims do not relate to ERISA and are not preempted.[4]

Congress's desire for a broad Federal preemption of State laws relating to benefit plans was motivated by its desire to encourage employers to maintain plans in favor of employees, by eliminating the risk of inconsistent and confusing layers of regulation. See *Fort Halifax Packing Co.* v. *Coyne,* 482 U.S. 1, 9-11 (1987). That a statute whose clear purpose was to benefit employees has become widely used as a shield to protect employers from any deceptive and wrongful acts they may have committed against their employees is an irony we find unacceptable as a governing principle of law.[5]

ERISA does not preempt Pace's claims. The judgment of the Superior Court is reversed and the case is remanded for further proceedings.

*So ordered.*

---

[4]A recent decision of the United States Court of Appeals for the First Circuit does not alter our view. In *Vartanian* v. *Monsanto Co.,* 14 F.3d 697 (1st Cir. 1994), the court held that the plaintiff's misrepresentation claims were preempted by ERISA because "the existence of the . . . Plan is inseparably connected to any determination of liability under the state common law of misrepresentation." *Id.* at 700. For the reasons stated above, and those relied on in *Cuoco, supra,* we believe there is no "inseparable connection" to a plan when the misrepresentation concerns the existence of coverage, when, in fact, the party is not covered.

We are not unmindful of the fact that the costs of defending this lawsuit and any award that Pace would receive if he prevails, could conceivably have some effect on the benefits STC is able to offer employees. However, any lawsuit could have such an effect. See *DiPietro-Kay Corp.* v. *Interactive Benefits Corp.,* 825 F. Supp. 459, 462 (D. Conn. 1993), quoting *Rebaldo* v. *Cuomo,* 749 F.2d 133, 138 (2d Cir. 1984), cert. denied, 472 U.S. 1008 (1985) ("[I]f ERISA is held to invalidate every State action that may increase the cost of operating employee benefit plans, those plans will be permitted a charmed existence that never was contemplated by Congress").

[5]We note that there is no bright line test for determining when a cause of action for misrepresentation "relates to" an employee benefit plan; each case must be decided on its particular facts. Cf. *Shaw* v. *Delta Air Lines, Inc.,* 463 U.S. 85, 100 n.21 (1983).