MARGUERITE KELLY vs. FORT DEARBORN LIFE INSURANCE COMPANY & another.[1] No. 93-P-977. November 4, 1994. *Employee Retirement Income Security Act. Insurance,* Disability insurance. *Employment,* Employee benefit plan. Further appellate review granted, 419 Mass. 1106 (1995).

When the defendant insurer (Dearborn) refused to pay long-term disability benefits to the plaintiff (Kelly) under the insurance plan provided by her employer, she brought this action in the Superior Court alleging numerous causes of action against Dearborn and its sales representative, the defendant Thorbahn. The defendants moved for summary judgment on the sole basis that Kelly's State law claims were preempted by the Employee Retirement Income Security Act, commonly referred to as ERISA. See 29 U.S.C. §§ 1001 et seq. (1988). A Superior Court judge, who did not have the benefit of *Pace v. Signal Technology Corp.,* 417 Mass. 154 (1994), allowed the defendants' motion. We reverse the judgment.

1. *The undisputed facts.* For purposes of decision on the motion for summary judgment, the defendants did not dispute the following facts set out in Kelly's affidavit. In 1988, Kelly, as the director of human resources for her employer (NACCO), was in charge of negotiations with Thorbahn for the purchase of insurance (health, life, short-term and long-term disability) from Dearborn for NACCO employees. In the course of the negotiations with Thorbahn, Kelly insisted that a clause in the insurance contract covering preexisting conditions would have to be underwritten. Thorbahn agreed and promised Kelly that Dearborn would honor all his commitments to NACCO, including the preexisting condition coverage. Kelly further alleged that Thorbahn failed, notwithstanding her requests, to provide her with a copy of the policy prior to its effective date, June 1, 1988.

Thorbahn met with Kelly at her office on June 1, 1988. Although he did not have a copy of the policy with him, he assured Kelly that Dearborn had honored all commitments made by him during his negotiations with her, including coverage for preexisting conditions. Kelly paid Thorbahn the first month's premium on the policy which went into effect that day. Thereafter, Kelly, stating that she had become totally disabled on June 14, 1988, submitted a claim to Dearborn for long-term disability benefits. According to documents submitted by the defendants on the motion, Kelly's claim was denied on the basis that the nature of her preexisting condition brought her within the terms of those preexisting conditions which were excluded from coverage under the policy.[2]

2. *Discussion.* If other grounds for summary judgment existed, they were not raised by the defendants, who chose to accept Kelly's allegations for purposes of decision on their sole assertion that, as matter of law,

---

[1]John Thorbahn.

[2]It appears from the policy and other documents presented on the motion that coverage for some preexisting conditions was provided.

ERISA had preempted her State law claim. However, the essence of Kelly's claim is that she relied to her detriment on Thorbahn's misrepresentations concerning the policy's coverage of preexisting conditions. As such, her claim is like that considered in *Pace* v. *Signal Technology Corp.*, 417 Mass. at 160, where an action based upon misrepresentations concerning the existence of coverage was held not to be preempted by ERISA.

If, as the defendants argue, *Pace* is distinguishable on the basis that there the defendant was the employer whereas in the instant case Kelly is proceeding directly against the insurer and its agent, we think that, for purposes of determining whether her claim "relates" to a benefit plan, the distinction is one without significance. Although the capacity in which the alleged wrongdoer acted might sometimes be relevant to the issue of whether the claim "relates" to a plan, that fact, standing alone, does not conclusively establish whether the claim affects the "structure, the administration, or the type of benefits provided by an ERISA plan." *Gilbert* v. *Burlington Indus.*, 765 F.2d 320, 327 (2d Cir. 1985). See also *Ingersoll-Rand Co.* v. *McClendon*, 498 U.S. 133, 139-140 (1990); *Cuoco* v. *NYNEX, Inc.*, 722 F. Supp. 884, 887 (D. Mass. 1989); *Pace* v. *Signal Technology Corp.*, 417 Mass. at 159-160 & n.4. We think Kelly's claim is sufficiently similar to the claim considered in *Pace* as to require the same result, that is, the conclusion that her claim is not preempted by ERISA. That conclusion is in accord with *Pace's* policy of preventing ERISA from being used as a shield to protect perpetrators of wrongful and deceptive acts against employees. *Pace* v. *Signal Technology Corp.*, 417 Mass. at 160.

The judgment of the Superior Court is reversed and the case is remanded for further proceedings.

*So ordered.*

*Damon Scarano* for the plaintiff.
*Michael C. Donahue* for the defendants.