UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1786

VICTOR E. CARLO, JR. AND KATHLEEN M. CARLO,

Plaintiffs - Appellants,

v.

REED ROLLED THREAD DIE COMPANY,

Defendant - Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Torruella, Chief Judge,

Bownes, Senior Circuit Judge,

and Cyr, Circuit Judge.

John W. Spillane, with whom John J. Spillane was on brief
for appellants.
Thomas J. Scannell, with whom Michael P. Angelini and
Bowditch & Dewey were on brief for appellee.

March 3, 1995


TORRUELLA, Chief Judge. This appeal requires us to TORRUELLA, Chief Judge.

decide whether ERISA preempts a state law claim of negligent

misrepresentation against an employer based upon the employer's

representations regarding the employee's prospective benefits

under an early retirement program. For the following reasons, we

find that the state law claims are preempted, and affirm the

district court's ruling.

I. PROCEDURAL BACKGROUND I. PROCEDURAL BACKGROUND

The plaintiffs-appellants, Victor E. Carlo, Jr. and

Kathleen M. Carlo (the "Carlos"), commenced this action against

the defendant-appellee, Reed Rolled Thread Die Co., a Division of

Quamco, Inc. ("Reed"), in Massachusetts state court in December

1991. In their original complaint, the Carlos alleged various

state law claims with respect to Reed's early retirement plan.

Reed removed the case to federal district court in January 1992,

alleging that federal law preempted the Carlos' claims. On

Reed's subsequent Motion to Dismiss, the district court found

that all of the Carlos' state law claims were preempted by

514(a) of the Employment Retirement Security Act of 1974

("ERISA"), 29 U.S.C. 1001 et seq., 1144(a). Accordingly, the

district court dismissed the Carlos' complaint under Federal Rule

of Civil Procedure 12(b)(6) for failure to state a cause of

action. The Carlos subsequently filed a Motion to Amend their

Complaint. Concluding that the Proposed Amended Complaint still

failed to allege a viable federal claim, the district court

denied the Motion to Amend and dismissed the Carlos' complaint.

-2-

On March 2, 1994, the Carlos filed a Motion to

Reconsider, arguing that a recent decision from the Massachusetts

Supreme Judicial Court changed the ERISA preemption analysis and

rendered their state law claims viable. The district court

denied the Motion to Reconsider, and the Carlos filed this

appeal. Reed filed a Motion to Dismiss the Appeal, which was

denied by this Court on September 8, 1994. We hereby affirm the

underlying decision of the district court.

II. FACTUAL BACKGROUND II. FACTUAL BACKGROUND

The essential allegations of the Carlos' complaint are

as follows: Mr. Carlo is a former employee of Reed and is a

participant in the Quamco, Inc. Retirement Plan (the "Plan"). In

July 1988, Reed offered Mr. Carlo early retirement under an Early

Retirement Program (the "ERP"). Mr. Carlo met with William

Baldino ("Baldino"), Reed's Personnel Manager, to discuss the

benefits he would receive if he elected the early retirement

option. Baldino informed Mr. Carlo of his expected monthly

benefits, and indicated that the figures had been certified by

Reed's corporate program administrator. Mr. Carlo elected to

accept the early retirement offer, allegedly in reliance on the

figures provided him by Baldino.

In December 1988, Reed notified Mr. Carlo of his actual

benefits under the ERP. The actual monthly benefit was

approximately twenty percent less than the benefit Carlo expected

to receive based on Baldino's earlier representations. Reed

claimed that it had made a calculation error when it determined

-3-

the benefits represented to Mr. Carlo in July 1988. By letter

dated December 30, 1988, Baldino apologized to Mr. Carlo for his

error in calculating Mr. Carlo's pension benefits and offered Mr.

Carlo the opportunity to continue working in the position he then

held. Baldino's letter stated that the offer to continue working

would remain open until January 10, 1989. If Mr. Carlo did not

accept within this period, the letter continued, Reed would

presume that Mr. Carlo was rejecting the employment offer and

accepting the modified Early Retirement option. Carlo did not

accept the offer before the January 10 deadline. Rather, he

decided to take early retirement in April 1989, allegedly under

protest.

On December 3, 1991, the Carlos brought this action in

Massachusetts state court, alleging state law claims for, inter

alia, breach of contract and negligent misrepresentation.

III. STANDARD OF REVIEW III. STANDARD OF REVIEW

The unusual procedural posture here requires a somewhat

nuanced statement of the standard of review. The Carlos appeal

the denial of their Motion to Reconsider the court's denial of

their Motion to Amend the Complaint.

With regard to motions to amend, we have stated that

"[w]hile motions to amend are liberally granted, see Johnston v.

Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979), a court

has the discretion to deny them if it believes that, as a matter

of law, amendment would be futile. See Jackson v. Salon, 614

F.2d 15, 17 (1st Cir. 1980); Crews v. Memorex Corp., 588 F. Supp.

-4-

27, 28 (D.Mass. 1984); 6 C. Wright & A. Miller, Federal Practice

and Procedure: Civil 1487 at 432-33 (1971)(citing cases). We

will generally defer to a district court's decision to deny leave

to amend where the reason is 'apparent or declared.'" Demars v.

General Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985)(quoting

Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir.

1983)).

Here, the Carlos' Motion to Reconsider argued that

their state law claims were rendered viable by the Massachusetts

Supreme Judicial Court's decision in Pace v. Signal Technology

Corp., 628 N.E.2d 20, 22 (Mass. 1994). The district court denied

the Motion, finding that controlling First Circuit precedent

mandated preemption of the Carlos' claims. In other words, the

district court concluded that the Carlos' proposed amendment was

futile. This decision necessarily entailed an analysis of the

underlying preemption issue, a question of law. Therefore, we

review it here. That is, we will review whether ERISA preempts

the Carlos' state law claims for negligent misrepresentation.

IV. PREEMPTION IV. PREEMPTION

Section 514 of ERISA supersedes "any and all State laws

insofar as they may now or hereafter relate to any employee

benefit plan . . . ."1 29 U.S.C. 1144(a) (emphasis added).

"The term 'State Law' includes all laws, decisions, rules,


1 The parties do not dispute that the ERP constitutes a
qualified employee benefit plan for the purposes of ERISA
preemption.

-5-

regulations, or other State action having the effect of law, of

any State." 29 U.S.C. 1144(c). The Supreme Court has

established that "a law 'relates to' an employee benefit plan . .

. if it has a connection with or reference to such a plan."

Ingersoll-Rand, Co. v. McClendon, 498 U.S. 133, 139 (1990)

(quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97

(1982)). "Under this 'broad common-sense meaning,' a state law

may 'relate to' a benefit plan, and thereby be pre-empted, even

if the law is not specifically designed to affect such plans, or

the effect is only indirect." Id. (quoting Pilot Life Ins. Co.

v. Dedeaux, 481 U.S. 41, 47 (1987)).

In Ingersoll-Rand, the Supreme Court identified two

tests for determining whether a state cause of action is

preempted because it "relates to" an ERISA plan. First, a law is

expressly preempted by ERISA where "the court's inquiry must be

directed to the plan." Ingersoll-Rand, 498 U.S. at 140. Second,

even where there is no express preemption, a cause of action is

preempted if it conflicts directly with ERISA. Id. at 142.

Given these preemption principles, we must decide

whether the Carlos' claims relate to the ERP and are therefore

preempted. The Carlos' suit seeks damages for what can best be

described as negligent misrepresentation. They argue that their

claims for misrepresentation are so remotely related to the ERP

that, for the purposes of ERISA preemption, they do not relate to

it. They allege that they are not seeking coverage under the

ERP, but rather damages sustained as a result of Reed's alleged

-6-

misrepresentation concerning the extent of Mr. Carlos' retirement

benefits under the ERP. They maintain, therefore, that the

court's inquiry will not necessarily be directed to the ERP.

They also emphasize that because they are suing Reed, and not the

Plan Trustee, any damages will not effect the fiscal integrity of

the ERP.

Courts have struggled over whether ERISA preempts

claims of misrepresentation regarding the scope or existence of

benefits, and "'there is ample, well reasoned authority which

would support either position.'" Pace, 628 N.E.2d at 22 (quoting

Cutler v. Phillips Petroleum Co., 859 P.2d 1251, 1254 (Wash. Ct.

App. 1993)). Courts finding that misrepresentation claims are

not preempted have reasoned that the mere fortuity that the

misrepresentation involved pension benefits is insufficient to

cause the "axe of federal preemption to fall." Greenblatt v.

Budd Co., 666 F. Supp. 735, 742 (E.D. Pa. 1987); see also Pace,

628 N.E.2d at 22 (holding that where the "resolution of state law

claims will neither 'determine whether any benefits are paid' nor

'directly affect the administration of benefits under the plan,'

the claims do not 'relate to' ERISA and accordingly are not

preempted")2 (citation omitted). That is, they have concluded

that the misrepresentation claims should not be preempted

because, "simply put, the premise underlying [the cause of]

action [is] that the plaintiff was deceived by the verbal



2 Of course, Pace, as a state court decision, is not controlling
precedent on this issue.

-7-

statements made and the actions taken by his employer. That the

subject of the deception concerned pension benefits is only

incidental and not essential to the plaintiff's cause of action.

Like promises for a raise in salary, a promotion, or the use of

tickets to a baseball game, plaintiff's employer's promise to

provide the plaintiff with certain benefits . . ., upon which

plaintiff could reasonably rely, is the essence of the

[misrepresentation] alleged." Greenblatt, 666 F. Supp. at 742.

The courts finding against preemption have been

troubled by the fact that ERISA preemption in these benefit

misrepresentation suits often leaves plaintiffs remediless. See,

e.g., Pace, 628 N.E.2d at 24 ("That a statute whose clear purpose

was to benefit employees has become widely used as a shield to

protect employers from any deceptive and wrongful acts they may

have committed against their employees is an irony we find

unacceptable . . . ."); Greenblatt, 666 F. Supp. at 742 (noting

that because the plaintiff would likely be without a remedy under

ERISA, "it would defy logic to presume that Congress intended to

preempt the common law action of fraud in a situation of this

type.").

Despite these cogent arguments against preemption in

misrepresentation claims, we nevertheless find that ERISA

preempts the Carlos' claims because they "relate to" an employee

benefit plan. ERISA's "deliberately expansive" preemption

language was "designed to 'establish pension plan regulation as

exclusively a federal concern.'" Pilot Life Ins. Co. v. Dedeaux,

-8-

481 U.S. at 46 (quoting Alessi v. Raybestos-Manhattan, Inc., 451

U.S. 504, 523 (1981)). As Senator Harrison Williams stated:

It should be stressed that with the
narrow exceptions specified in the bill,
the substantive and enforcement
provisions of the conference substitute
are intended to preempt the field for
Federal regulations, thus eliminating the
threat of conflicting or inconsistent
State and local regulation of employee
benefit plans. This principle is
intended to apply in its broadest sense
to all actions of State or local
governments, or any instrumentality
thereof, which have the force or effect
of law.

120 Cong. Rec. 29933 (1974).

With this sweeping principle in mind, we find that the

Carlos' claims are preempted because they have "a connection with

or reference to" Reed's ERP. If the Carlos were successful in

their suit, the damages would consist in part of the extra

pension benefits which Reed allegedly promised him.3 To compute

these damages would require the court to refer to the ERP as well



3 The Carlos argue that their claims do not relate to the ERP
because they are seeking damages for a tort committed by
Mr. Carlo's employer within the course of his employ. Their tort
action, they maintain, is distinct from a contractual claim for
the promised benefits, which they concede would be preempted. We
find this distinction to be meaningless here. As the Fifth
Circuit noted, "ERISA's preemption of state law claims 'depends
on the conduct to which such law is applied, not on the form or
label of the law.'" Cefalu v. B.F. Goodrich Co., 871 F.2d 1290,
1294 (5th Cir. 1989); see also Pohl v. National Benefits
Consultants, Inc., 956 F.2d 126, 128 (7th Cir. 1992) (The court
noted that although the plaintiffs were not seeking to enlarge
their coverage as such, any money they obtained from their suit
would be functionally a benefit to which the terms of the plan
did not entitle them. "This type of end run is regularly
rebuffed.").

-9-

as the misrepresentations allegedly made by Reed. Thus, part of

the damages to which the Carlos claim entitlement ultimately

depends on an analysis of the ERP. To disregard this as a

measurement of their damages would force the court to speculate

on the amount of damages. Consequently, because the "court's

inquiry must be directed to the plan," the Carlos' claims are

preempted under the first test set forth in Ingersoll-Rand. 498

U.S. at 140.

Our ruling here is in accord with our previous decision

in Vartanian v. Monsanto, Co., 14 F.3d 697, 700 (1st Cir. 1994).

In Vartanian, the plaintiff accepted an early retirement package

based on the employer's assurances that it was not contemplating

the creation of an enhanced severance program. In fact, when

Vartanian made these specific inquiries about early retirement

programs, Monsanto had already given serious consideration to

reducing its staff and was contemplating the formation of a

special early retirement plan. Vartanian claimed that as a

result of his reliance on Monsanto's misleading statements to the

effect that the company did not intend to create a more generous

retirement package, he missed the opportunity to retire under the

more advantageous provisions of the new plan, which went into

effect shortly after his retirement. We found that Vartanian's

claims were preempted because "the existence of the 1991 Plan is

inseparably connected to any determination of liability under

state common law misrepresentation." Id. As we then noted,

"[t]here simply is no cause of action if there is no plan." Id.

-10-

Therefore, Vartanian's misrepresentation claim related to an

ERISA plan because it was inseparably connected to it.4

Similarly, the Carlos' claims are inseparably connected

to the ERP. The Carlos and Vartanian both sought damages for an

employer's alleged misrepresentation concerning the scope or

existence of early retirement benefits. The damages claimed in

both instances were dependent, at least in part, on analysis of a

qualified ERISA plan. Moreover, the misrepresentations

themselves concerned, ultimately, the amount of benefits the

plaintiffs would be entitled to upon retirement.5


4 A number of other circuits have also considered claims similar
to those alleged by the Carlos and found them preempted. See,
e.g., Pohl, 956 F.2d 126 (preempting a negligent
misrepresentation claim based on the defendant's assurances that
it would cover the plaintiff's medical expenses); Cefalu, 871
F.2d 1290 (preempting a misrepresentation claim based on the
employer's assurance that the plaintiff's retirement benefits
would be equivalent under two different employment options);
Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir. 1987)
(preempting plaintiff's contract claim based on his employer's
promise that his fringe benefits as a member of management would
be equivalent to those he would have received had he remained a
member of a union); Straub v. Western Union Telegraph Co., 851
F.2d 1262 (10th Cir. 1988) (preempting plaintiff's
misrepresentation claim based on assurances that his pension
benefits would be increased if he accepted a transfer to a
subsidiary company owned by his employer).

5 One notable difference distinguishes Vartanian from the
Carlos' case. In Vartanian, the plaintiff allegedly had taken
early retirement because of a misrepresentation about future
retirement benefits. We found that, in these circumstances, the
plaintiff had a cause of action under ERISA because the employer
had breached a fiduciary duty to a plan participant. Although
the issue was not raised on appeal, the difference here is that
after Mr. Carlo's employer realized that he had made a mistake
regarding Mr. Carlo's retirement benefits, he offered Mr. Carlo
an opportunity to continue working so that his retirement
benefits would not be adversely affected. Therefore, the Carlos
were never deprived of a benefit to which they were entitled
under ERISA.

-11-

In sum, we find that the ERISA's express language,

jurisprudence, and legislative history all mandate a finding that

ERISA preempts the Carlos' state law claims.

We have considered the other issues raised by the

Carlos and find them meritless.

Affirmed.

-12-