MARGUERITE KELLY vs. FORT DEARBORN LIFE INSURANCE
COMPANY & another.[1]

Middlesex. December 6, 1995. - February 8, 1996.

Present: LIACOS, C.J., WILKINS, O'CONNOR, GREANEY, & FRIED, JJ.

*Employee Retirement Income Security Act. Insurance,* Disability insurance.
*Employment,* Employee benefit plan. *Statute,* Federal preemption.
*Federal Preemption.*

An employee's State law claims arising from her employer's insurer's
promise that she would be provided disability coverage and from the
subsequent denial of such coverage due to an exclusion for preexisting
medical conditions were clearly "related to" the employer's insurance
plan and the claims were thus preempted by the Employee Retirement
Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. [15-17]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 4, 1991.

The case was heard by *Robert H. Bohn,* J., on a motion for
summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Nancy G. Ross,* of Illinois (*Steven W. Kasten* with her) for
the defendants.

*Damon Scarano* for the plaintiff.

WILKINS, J. When the defendant insurer refused to pay
long-term disability benefits to the plaintiff under her
employer's insurance plan, she commenced an action against
the insurer and its sales representative, asserting various State
law claims. In 1993, a judge in the Superior Court allowed
the defendants' motion for summary judgment on the ground
that the State law claims were preempted by the Employee
Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.
§§ 1001 et seq. (1988). The Appeals Court reversed the
Superior Court judgment, concluding that the preemption

[1]John Thorbahn.

question had to be decided in the plaintiff's favor in light of this court's opinion in *Pace* v. *Signal Technology Corp.*, 417 Mass. 154 (1994) (*Pace*). *Kelly* v. *Fort Dearborn Life Ins. Co.*, 37 Mass. App. Ct. 942, 943 (1994). We granted the defendants' application for further appellate review. We agree with the Superior Court judge that the plaintiff's claims are preempted by Federal law.

This case presents a different preemption issue from that addressed in the *Pace* opinion. The *Pace* case involved a claim that an employer had misrepresented the existence of insurance coverage to a person who, in fact, was not covered by the employer's ERISA plan. The Supreme Court had not addressed that precise preemption issue and authorities were divided on the question whether such State law misrepresentation claims were preempted. *Pace, supra* at 157-158. This court held that ERISA, which supersedes "any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in [ERISA]" (29 U.S.C. § 1144 [a]), did not preempt a claim that did not seek benefits under the plan and was based on an employer's misrepresentation regarding the existence of ERISA benefits (emphasis added). *Pace, supra* at 159-160. The division of authorities on the issue noted in our *Pace* opinion continues. Compare *Carlo* v. *Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir. 1995) (rejecting reasoning of our *Pace* opinion and other "cogent arguments against preemption in misrepresentation claims") with *Curtis* v. *Nevada Bonding Corp.*, 53 F.3d 1023, 1028-1029 (9th Cir. 1995) (State law claims based on employer's misrepresentation of coverage availability not preempted by ERISA).

In the case now before us, the insurer's sales representative, in negotiating the coverage to be included in the ERISA plan, promised the plaintiff, who had a role in negotiating the coverage, that the insurer would underwrite preexisting conditions. Two weeks after the policy period commenced, the plaintiff became totally disabled. Benefits under the policy were not available to her. Her disability was caused by a preexisting condition that the policy excluded from coverage because the condition was not covered under the next prior policy.

The plaintiff, who was insured under her employer's ERISA plan, asserts a claim to disability benefits that unquestionably requires an interpretation of that plan. The claim unavoidably

relates to the employer's ERISA plan and is thus preempted by Federal law. Congress intended that ERISA's preemption provision be broadly construed. *Ingersoll-Rand Co.* v. *McClendon*, 498 U.S. 133, 138 (1990). *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41, 45-46 (1987). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). The claim here is that the ERISA plan should have, but did not, provide particular coverage as the insurer promised. Such a claim relates to the employer's ERISA plan, and State law claims in such a case are preempted.

The conclusion we reach is consistent with decisions elsewhere concerning alleged misrepresentations by insurers or plan administrators to employees about the scope of coverage under an ERISA plan. See, e.g., *Variety Children's Hosp., Inc.* v. *Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (State law claims of fraud and misrepresentation based on failure of covered plan to pay benefits preempted by ERISA); *Kelso* v. *General Am. Life Ins. Co.*, 967 F.2d 388, 390-391 (10th Cir. 1992) (insurer's alleged misrepresentation of eligibility for coverage under ERISA plan preempted); *Pohl* v. *National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992) (purpose of ERISA to protect financial integrity of plans by confining benefits to plans as written, and ruling out oral modifications, would be thwarted if participants could maintain State law actions based on oral representations of coverage); *Cromwell* v. *Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-1276 (6th Cir. 1991), cert. dismissed, 505 U.S. 1233 (1992) (State law claims, based on plan administrator's assurance that coverage was available for services, preempted by ERISA).

*Judgment of the Superior Court affirmed.*