Cratsley, J.
Plaintiff Trans-Lease Group, Inc. (“Trans-Lease”) brings this action to recover for damages it allegedly suffered due to misrepresentation, fraud, and violations of Chapter 93A arising from services provided by the defendants in connection with the administration of a deftned-benefit pension plan.
Defendants Sidney Spiegel (“Spiegel”) and New England Life Insurance Company (“New England Life”) each move this Court to dismiss the claims against them for lack of subject matter jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1). Spiegel and New England Life (collectively, the “defendants”) argue that all claims asserted in Trans-Lease’s complaint are state law claims preempted by the Federal Employee Retirement Income Security Act of 1974 (“ERISA”).
This Court held a hearing on July 10, 1997 and, for the following reasons, denies the defendants’ motions to dismiss.
BACKGROUND
For purposes of this motion, the Court takes the allegations of the complaint, and the inferences to be drawn from them, as true. See Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). The plaintiffs complaint reveals the following:
Trans-Lease established and sponsored a defined-benefit pension plan (the “Plan”) for its employees. The Plan was administered by and through the trustees (the ‘Trustees”) of the Carrier’s Restated Pension Trust. Trans-Lease and the Trustees entered into an *331 administrative services agreement by which New England Life agreed to consult, advise, direct, and assist Trans-Lease and the Trustees in the administration of the Plan. New England Life agreed that it would, on an annual basis, determine the amount of the accrued benefits for each eligible Trans-Lease employee, and advise Trans-Lease and the Trustees of the monetary contributions that were necessary to fully fund all of the current and former employee’s retirement benefits.
In 1992, Trans-Lease decided to terminate the Plan, effective March 31, 1993. Pursuant to the terms of the administrative services agreement, New England Life agreed to determine the accrued vested benefits which each participating employee was entitled to receive upon distribution of the Plan’s assets. New England Life was responsible for advising Trans-Lease and the Trustees as to whether the Plan’s assets were sufficient to meet the distribution requirements of the Plan at the time of termination, or whether additional contributions would have to be made by Trans-Lease to meet the expected distributions to Plan participants.
New England Life, though its agent, Michael Brady, provided Trans-Lease and the Trustees with a determination that the Plan’s assets were more than needed to pay each participant’s accrued vested benefit in the form of a cash distribution. Trans-Lease alleges that this was an erroneous determination and that Michael Brady advised Trans-Lease that the Plan’s assets exceeded the Plan’s benefit distribution requirements by $30,000 when, in fact, the Plan was underfunded by approximately $100,000.
Defendant Sidney Spiegel was an agent of New England Life. He was hired to advise the Trustees on various options for investing the Plan’s assets and for distributing accrued vested benefits to the Plan’s participants. Trans-Lease alleges that in reliance on Spiegel’s advice it provided self-funded annuities for each Plan participant as they retired. Trans-Lease claims that Spiegel failed to advise Trans-Lease and the Trustees of the option of paying lump sum distributions to certain of the Plan participants who were receiving retirement benefits at the time the Plan was terminated. According to Trans-Lease, Spiegel instead advised Trans-Lease and the Trustees that upon the Plan’s termination Trans-Lease was required to provide annuities for each of the Plan’s retired participants.
In May 1993, anticipating a final distribution of the Plan’s assets, the Trustees asked Spiegel to acquire quotes from several life insurance companies for the annuities due each of the retirees in the Plan at the time. Spiegel obtained annuiiy quotes, but, according to Trans-Lease, failed to provide Trans-Lease and the Trustees with the actual quotes and other information he had acquired and particularly failed to provide information regarding less expensive annuiiy quotes. Trans-Lease alleges that Spiegel provided Trans-Lease and the Trustees with excerpts from the more expensive annuity quotes, including a quote from New England Life, and advised Trans-Lease and the Trustees to purchase the more expensive annuities. Trans-Lease then purchased annuities from New England Life for each of the retirees.
Trans-Lease’s complaint alleges negligent misrepresentation by both defendants, fraud by defendant Spiegel, and violations of G.L.c. 93A by both defendants.
DISCUSSION
“When Congress enacted the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001-1461 (1988), it included an expansive provision preempting any State laws which ’’relate to" an employee benefits plan. Pace v. Signal Technology Corp., 417 Mass. 154 (1994). Section 514 of ERISA provides that ERISA’s provisions “supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan.” 29 U.S.C. §1144(a). “State law” is defined to include “all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.” 29 U.S.C. § 1144(c).
The defendants claim that since Trans-Lease’s complaint contains no factual allegations or legal claims that are not “related to" the administration of the Plan, the complaint should be dismissed as preempted by ERISA. The plaintiff, however, claims that since its claims for misrepresentation, fraud, and violations of c. 93A do not directly affect the administration of the employee benefit plan, the claims do not “relate to" ERISA and are therefore not preempted.
To determine whether the plaintiffs state law misrepresentation claims at issue in Pace “related to” an employee benefit plan, the Supreme Judicial Court looked to Congress’ intent in enacting ERISA. The Court concluded that Congress intended that ERISA’s preemption provision be broadly construed. Pace v. Signal Technology Corp., 417 Mass. at 156; see Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). “The provision’s ‘deliberately expansive’ language was ‘designed to establish pension plan regulation as exclusively a federal concern.’ " Pace v. Signal Technology Corp., 417 Mass. at 156 (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46 (1987)).
“In spite of its undeniable breadth, ERISA’s preemption provision does not apply to every State action that affects an employee benefit plan. ‘Some state actions may affect benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law ‘relates to’ the plan.’" Pace v. Signal Technology Corp., 417 Mass. at 156 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21 (1983)).
There is no bright line test for determining when claims “relate to” an employee benefit plan; each case must be decided on its particular facts. See Pace v. *332 Signal Technology Corp., 417 Mass. at 160 n.5. This Court acknowleges that there is considerable authority on both sides of the preemption issue. See id. at 157-58 (noting split in authority as to whether state common law claim of misrepresentation is preempted by ERISA). However, this Court is persuaded by the similarities between the facts of this case and the Pace case and elects to follow Pace and the authorities cited therein. See id. at 159 (claim for misrepresentation not preempted by ERISA since plaintiff was not seeking benefits under a plan and any award against the defendant would not directly affect the administration of a plan). See also, Industrial Technical Services v. Phoenix Home Life Mutual Ins. Co., 866 F.Supp. 48 (D.Mass. 1994) (state law claims arising from defendant’s alleged misrepresentations in selling employer insurance policies on key employees that failed, as allegedly promised, to match terms offered by competitor did not “relate to” the plan and were thus not preempted by ERISA); Cuocco v. Nynex, Inc., 722 F.Supp. 884, 886 (D.Mass. 1989) (plaintiffs claims not preempted by ERISA where claims did not arise from the deprivation of any rights under the plan but rather from the defendants’ promises and misrepresentations which were not a part of the plan). “When the resolution of state law claims will neither ‘determine whether any benefits are paid’ nor ‘directly affect the administration of benefits under the plan,’ the claims do not ‘relate to’ ERISA and accordingly are not preempted." Cuocco v. Nynex, Inc., 722 F.Supp. at 887 (quoting Gilbert v. Burlington Industries, Inc., 722 F.2d 320, 327 (2nd Cir. 1985)) (cited with approval in Pace v. Signal Technology Corp., 417 Mass. at 158-59).
The Plan is no longer in existence. It was terminated in 1993 and final distributions have been made to the Plan’s participants. Any claims that the plaintiff currently brings against the defendants cannot possibly determine whether any benefits will be paid nor affect the administration of benefits under the Plan. Even if the Plan was still in existence, the plaintiffs claims relate to alleged misrepresentations made by the defendants and they do not relate to the administration of the Plan or to the calculation of any benefits under the Plan. The Plan is incidental to the plaintiffs claims. Allowing the plaintiff to pursue his claims in state court would not require interpretation of the terms of the ERISA plan. Compare Fairneny v. Savogran Co., 422 Mass. 469, 476 (1996) (“any trial of the defamation claim inevitably would involve testimony about the provisions of the plan, the precise nature of the plaintiffs duties as fiduciaries, and [the] alleged breach of [the] fiduciary duty”).
Because Trans-Lease is not seeking benefits under the Plan, and because, if Trans-Lease ultimately prevails, any award against the defendants will not directly affect the administration of benefits under the Plan, Trans-Lease’s state law claims for misrepresentation, fraud, and violations of c. 93A are not preempted by ERISA. See Pace v. Signal Technology Corp., 417 Mass. at 159-60; Cuocco v. Nynex, Inc., 722 F.Supp. at 887.
ORDER
For the foregoing reasons, this Court ORDERS that the defendants’ motions to dismiss for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1) are DENIED.