PLYMOUTH AND BROCKTON STREET RAILWAY COMPANY *vs.*
ARLINE C. LEYLAND & another.[1]

Suffolk. February 6, 1996. - April 23, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal, Frivolous action, Costs. *Federal Preemption. Statute,* Federal preemption.

There was no error of law or abuse of discretion in a single justice's denial of interlocutory relief in the nature of a writ of prohibition under G. L. c. 211, § 3, to preclude the Superior Court from exercising jurisdiction over a civil claim, where even if the claim were governed by Federal law (the Employee Retirement Income Security Act of 1974), 29 U.S.C. § 1132 (e) (1) was applicable to grant the Superior Court concurrent jurisdiction, and where the defendant had chosen not to avail itself of the appropriate avenue of relief under 28 U.S.C. § 1441 (a), to remove the case to Federal Court. [529-531]

There was no error or abuse of discretion in a single justice's denial of a request for attorney's fees and costs incurred in opposing a litigant's unsuccessful application for relief under G. L. c. 211, § 3, and where that party had an appeal as of right under G. L. c. 231, § 114, from the determination of the single justice, the appeal itself could not fairly be characterized as frivolous so as to warrant the sanctions of such costs and fees. [531-532]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 2, 1995.

The case was considered by *Greaney,* J.

The case was submitted on briefs.

*Amy Spector,* Assistant Attorney General, for Plymouth Superior Court.

*G. Stephen Anzuoni* for the plaintiff.

*Marc D. Padellaro* for Arline Leyland.

FRIED, J. As the most recent in a protracted series of mo-

[1]Plymouth Superior Court. A single justice of this court allowed the motion of the Plymouth Superior Court to join Arline C. Leyland as the real party in interest and designate the court a nominal party.

tions and pleas for special relief in this case, Plymouth and Brockton Street Railway Company (P&B), the appellant in this aspect of the proceedings, invokes G. L. c. 211, § 3 (1994 ed.), and seeks relief in the nature of a writ of prohibition to preclude the Superior Court from exercising jurisdiction over the appellee, Arline C. Leyland's claim against it on the underlying cause of action. A single justice of this court denied such relief and P&B now appeals to the full court. As we conclude that the single justice's judgment constituted neither an error of law nor an abuse of discretion, we affirm that judgment.

## I

The underlying suit was commenced in 1987 by Leyland as the administratrix of her husband's estate. She sought to recover the value of life insurance which she claims is owed her by P&B, her husband's former employer. According to her allegations, P&B, among other things, having procured a group policy of which she was a beneficiary, wrongfully terminated the policy without giving her husband notice. P&B insists that Leyland's claims relate to an employee benefit plan, as defined by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. (1994), and that any dispute in respect to such claims must be determined by Federal, not State law, see 29 U.S.C. § 1144. P&B goes on to claim that not only is this dispute governed by Federal law, but that the Superior Court has no subject matter jurisdiction over the dispute, because 29 U.S.C. § 1132(e)(1) vests exclusive jurisdiction over it in the District Courts of the United States. Leyland disagrees. She argues, inter alia, that there was no plan here such as to fall under the preemptive scope of ERISA, and that in any event the Superior Court had jurisdiction over this claim concurrent with the Federal District Court. See 29 U.S.C. § 1132(e)(1). The Superior Court judge ruled that he did not lack jurisdiction.

It is to prevent this suit's going forward in the Superior Court that P&B has sought interlocutory relief. P&B sought such relief in 1991 with the Appeals Court pursuant to G. L. c. 231, § 118 (1994 ed.), and a single justice of that court denied such relief, stating that factual matters remain to be adjudicated for the proper presentation of the case to the Ap-

peals Court. In that same year P&B also unsuccessfully sought the same relief from a single justice of this court. In August, 1995, its renewed motion to dismiss for lack of jurisdiction having been denied by the Superior Court, P&B once again sought interlocutory relief on the same ground before a single justice of this court, and it is from the denial of that relief that P&B now appeals.

## II

The single justice will grant interlocutory relief in the nature of prohibition, under G. L. c. 211, § 3, only when the basis for such relief is clear and the normal channels of appeal do not offer adequate relief. Whether or not the Superior Court lacks jurisdiction, this case is not appropriate for interlocutory examination.

Although Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolished writs of prohibition, we have concluded that these new rules of civil procedure affected only the forms of procedure, the jurisdiction or powers of this court with respect to prohibition remaining unaffected. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 607 (1978), cert. denied, 440 U.S. 961 (1979). As such, "a civil action in the nature of prohibition may still be brought in this court." *Id.* (interlocutory review of denial of motion to dismiss criminal prosecution on double jeopardy claim). See *Washburn* v. *Phillips*, 2 Met. 296, 298-299 (1841). Nevertheless, this court's authority under G. L. c. 211, § 3, "should be exercised only in exceptional circumstances, when necessary to protect substantive rights." *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169 (1977), quoting *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909, 909 (1975). We have allowed such relief when there is no adequate remedy by way of appeal, *Custody of a Minor (No. 2)*, 386 Mass. 460, 462 (1982) (G. L. c. 211, § 3, comprises only means by which parents may obtain desired relief; normal appeals process inadequate as there exists time-sensitive issue and might require two appeals before final judgment), or where the case involves a quasi judicial body, *Lahey Clinic Found., Inc.* v. *Health Facilities Appeals Bd.*, 376 Mass. 359, 369 (1978) (quasi judicial body's lack of juris-

diction unclear).[2] But where an "alternative and adequate" means of relief is available, this court has denied relief. *Commonwealth* v. *Gaulden*, 383 Mass. 543, 550 (1981), citing *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). See *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 454-456 (1991) (noting use of Mass. R. Civ. P. 60 [b] [4], 365 Mass. 828 [1974], in setting aside judgments void for lack of jurisdiction).

In the instant case, the single justice did not abuse his discretion in denying the appellant's interlocutory application for relief in the nature of a writ of prohibition. P&B maintains that the life insurance policy constitutes an employee welfare benefit plan for the purposes of ERISA, and that 29 U.S.C. § 1132(e)(1) preempts State law and precludes the Superior Court's exercise of jurisdiction. But that determination is not so free from difficulty, compare *Kelly* v. *Fort Dearborn Life Ins. Co.*, *ante* at 15 (1996), with *Pace* v. *Signal Technology Corp.*, 417 Mass. 154 (1994), at least as applied to this case, that P&B should be entitled as a matter of right to have it determined on an interlocutory basis. That there may be factual disputes to be resolved before a conclusion on jurisdiction can be reached — a point made in 1991 by a single justice of the Appeals Court — makes interlocutory relief particularly inappropriate.[3] Furthermore, even if Leyland's claim is preempted in the sense that it is controlled by Federal law, 29

[2]Before Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), writs of prohibition were proper remedies in cases involving quasi judicial bodies. See, e.g., *Massachusetts Bay Transp. Auth.* v. *Labor Relations Comm'n*, 356 Mass. 563, 564 (1970), and cases cited ("writ of prohibition was an appropriate method of preventing a quasi judicial body from exercising a jurisdiction which it did not possess and of determining whether jurisdiction exists").

[3]"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Kanne* v. *Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988), cert. denied, 492 U.S. 906 (1989). As it is the appellant who claims ERISA preemption, the appellant bears the burden of proving the facts necessary to establish an ERISA plan. *Id.* at 492 n.4. See *Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 60 (1987).

It is arguable whether the instant plan qualifies as an employee welfare benefit plan. See *Hansen* v. *Continental Ins. Co.*, 940 F.2d 971, 978 (5th Cir. 1991) (noting that lone purchase of insurance insufficient to establish an employee welfare benefit plan); *Wickman* v. *Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1083 (1st Cir.), cert. denied, 498 U.S. 1013 (1990) (purchase of insurance which is nonisolated and nonaberrational, along with distribution of handbook detailing ERISA rights constitutes "calculated commit

U.S.C. § 1132(e)(1), provides for concurrent State court jurisdiction over such claims, except in certain specified instances.[4]

P&B argued in its motion for reconsideration that it can overcome these objections and that, under G. L. c. 211, § 3, extraordinary relief is appropriate because no other remedy will assure it of its substantive right not to be subjected to a trial in a State court. In this respect P&B would analogize its situation to that of the accused in a criminal case claiming a right not to be put twice in jeopardy, a right that an acquittal or subsequent appeal cannot fully vindicate. See *Fadden* v. *Commonwealth, supra*; *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). P&B's claim is particularly inapt here because P&B had a ready and complete avenue of relief, if only it had chosen to avail itself of it in a timely manner. By virtue of 28 U.S.C. § 1441(a) (1994), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." There can be no doubt at all that if, as P&B insists, this was a

ment to qualified employees for similar benefits"); *Memorial Hospital System* v. *Northbrook Life Ins. Co.*, 904 F.2d 236, 242 (5th Cir. 1990) (payment of insurance premiums, although not in and of its self sufficient to establish a plan, offers evidence that a plan has been established); *Donovan* v. *Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (although "no single act in itself necessarily constitutes the establishment of the plan, fund, or program," a plan [whether pursuant to a writing or not] is established under ERISA "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits"; "the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established"); *Taggart Corp.* v. *Life & Health Benefits Admin. Inc.*, 617 F.2d 1208, 1211 (5th Cir. 1980), cert. denied, 450 U.S. 1030 (1981) (purchase of insurance policy does not, in and of itself, establish the existence of an ERISA plan); *McFarland* v. *Union Cent. Life Ins. Co.*, 907 F. Supp. 1153, 1156-1159 (E.D. Tenn. 1995) (certificate mentions ERISA, but employer only paid premiums and completed portion of claim form; nevertheless plan covered by ERISA); *Plog* v. *Colorado Ass'n of Soil Conservation Dists.*, 841 F. Supp. 350, 353 (D. Colo. 1993) (noting that ERISA does not regulate plan where employer not directly involved in management).

[4]That provision excepts from the grant of exclusive jurisdiction actions brought under subsection. (a)(1)(B) of § 1132. These are actions "brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

matter over which the Federal courts have exclusive jurisdiction — the premise on which P&B's claim for extraordinary relief here rests — then it would have been entitled to remove the case to Federal court. See *Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63 (1987).[5] Of course, 28 U.S.C. § 1446(b) requires that such a petition for removal of a civil action be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," a period of time which had expired long before P&B made its first motion to dismiss the case for want of jurisdiction. Our processes should not be burdened because of a party's failure to avail itself in a timely manner of the most appropriate way to seek the very relief it now asks for in this extraordinary and irregular fashion.

## III

Leyland requests attorney's fees and costs incurred in defending against P&B's claim. General Laws c. 211, § 10 (1994 ed.), allows this court to award double costs and interest for appeals which appear "frivolous, immaterial or intended for delay." This court has stated that "[a]n appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal . . . .' *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 458 (1984). . . . Unpersuasive arguments do not necessarily render an appeal frivolous. The determination whether an appeal is frivolous is left to the sound discretion of the appellate court. . . . '[E]ven the presence of a few non-frivolous arguments does not prevent an appeal as a whole from being deemed frivolous.' *Romala Corp.* v. *United States*, 927 F.2d 1219, 1224 (Fed. Cir. 1991)." (Citations omitted.) *Avery* v. *Steele*, 414 Mass. 450, 455-456 (1993). Such an award is reserved for cases in which the inap-

---

[5]Indeed the opportunity for one in P&B's situation to remove the case to Federal District Court may be still wider than that. There are a number of cases that hold that an ERISA defendant may even remove to Federal court a case as to which the State courts have concurrent jurisdiction, on the reasoning that such a case is "a civil action . . . of which the district courts of the United States have original jurisdiction" and Congress has not otherwise expressly provided. 28 U.S.C. § 1441(a) (1994). See, e.g., *Callison* v. *Charleston Area Medical Ctr., Inc.*, 909 F. Supp. 391 (S.D.W. Va. 1995); *Bradwell* v. *Silk Greenhouse, Inc.*, 828 F. Supp. 940 (M.D. Fla. 1993); *White* v. *Enron Corp., Merger Severance Plan*, 686 F. Supp. 582 (N.D. Tex. 1988).

propriate action is egregious. *Id.* at 456. In the proceeding from which this appeal is brought the single justice denied the same request as Leyland renews here. Because the single justice neither made an error of law nor abused his discretion in denying this request, we are bound to respect this aspect of the single justice's determination just as we must respect his determination regarding P&B's claim for interlocutory relief. Accordingly, the sole additional question before us relates to this appeal from the single justice. The appeal is of right under G. L. c. 231, § 114 (1994. ed.), and having come this far we cannot say that this appeal itself and alone constitutes the type of egregious activity contemplated by our sanction power.

The judgment of the single justice is affirmed.

*So ordered.*