**PLYMOUTH AND BROCKTON STREET RAILWAY CO., Plaintiff,**

v.

**Arline C. LEYLAND, Defendant.**

**Civil Action No. 96–11308–PBS.**

United States District Court, D. Massachusetts.

Sept. 18, 1996.

See also 664 N.E.2d 17.

G. Stephen Anzuoni, Boston, MA, for Plaintiff.

Marc D. Padellaro, Cambridge, MA, for Defendant.

## ORDER

SARIS, District Judge.

After hearing, pursuant to Fed.R.Civ.P. 12(b)(1), the Court **ALLOWS** defendant Arline C. Leyland's motion to dismiss (Docket No. 3) on the ground that this Court lacks subject matter jurisdiction over the action of plaintiff Plymouth and Brockton Street Railway Co. seeking relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

Plaintiff asserts federal question jurisdiction on the ground that the Employee Retirement Income Security Act ("ERISA"), 29 U.S. §§ 1001 *et seq.* preempts defendant's state claims for death benefits under a life insurance policy. Whatever the merits of the preemption claim, this Court lacks jurisdiction on two grounds. First, plaintiff failed to timely remove this action pursuant to 28 U.S.C. § 1441(a), and cannot use a declaratory judgment action as a subterfuge to achieve the removal. *See International Association of Entrepreneurs of America v. Angoff,* 58 F.3d 1266, 1270 (8th Cir.1995) ("There is no need to allow state court defendants ... to circumvent the removal statute's deadline by using the Declaratory Judgment Act as a convenient and temporally unlimited back door into federal court"). Even if this Court had subject matter jurisdiction, I would exercise my discretion to dismiss the action in light of the pending state proceeding. *See Continental Airlines, Inc. v. Goodyear Tire and Rubber Company,* 819 F.2d 1519, 1524 (9th Cir.1987) ("Federal courts are ordinarily said to have special jurisdictional discretion in such actions in order to prevent parties from using the Declaratory Judgment Act ... to circumvent the removal statute ..."). *Cf. Government Employees Insur-*

**16**

ance Company v. Simon, 917 F.2d 1144, 1148 (8th Cir.1990) (holding no abuse of discretion where federal court refused to abstain in a declaratory judgment action concerning insurance coverage despite ongoing state negligence action).

■ Second, plaintiff pressed its preemption argument in the Plymouth Superior Court and on interlocutory appeal to the Supreme Judicial Court. *See Plymouth and Brockton Street Railway Co. v. Arline C. Leyland*, 422 Mass. 526, 529–30 & n. 3, 664 N.E.2d 17 (1996) (concluding that interlocutory relief was "particularly inappropriate" as there may be factual disputes on the jurisdictional question and noting that whether the plan qualifies as an employee welfare plan is generally a fact question). This Court lacks jurisdiction under the *Rooker–Feldman* doctrine to review that state court decision. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

■ As a general matter, a federal court may not decide federal issues that are raised in state proceedings and "inextricably intertwined" with the state court's judgment. *Feldman*, 460 U.S. at 486–87, 103 S.Ct. at 1316–1317. Here, *Plymouth & Brockton's* preemption claim would require this Court to determine whether ERISA or state law governs Leyland's insurance plans. *See Blue Cross and Blue Shield of Maryland, Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir.1989), *cert. denied*, 493 U.S. 892, 110 S.Ct. 239, 107 L.Ed.2d 190 (1989). This is precisely the fact question which the Supreme Judicial Court determined was inextricably intertwined with the determination of the applicability of state law. In any event, the state courts have concurrent jurisdiction over ERISA claims. 29 U.S.C. § 1132(e)(1).

■ The *Rooker–Feldman* doctrine precludes review of state interlocutory orders, not just final judgments. *See Port Authority Police Benevolent Association, Inc. v. Port Authority of New York and New Jersey Police Department*, 973 F.2d 169, 177–178 (3rd Cir.1992). *See generally* 18 Charles A.

Wright & Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4469 (Supp.1996) ("If a state judgment does not command res judicata effects as a matter of state law, however, the *Rooker–Feldman* doctrine provides a useful basis for refusing federal court review").

For the foregoing reasons, defendant's Motion to Dismiss (Docket No. 3) is ***ALLOWED.***