ARLINE C. LEYLAND, administratrix,[1] vs. PLYMOUTH &
BROCKTON STREET RAILWAY COMPANY.

No. 97-P-1324.

Plymouth. December 11, 1997. - March 16, 1998.

Present: WARNER, C.J., PERRETTA, & BECK, JJ.

*Superior Court, Jurisdiction. Jurisdiction, Superior Court, Federal preemption. Employee Retirement Income Security Act. Federal Preemption.*

A claim of the representative of an estate against the decedent's employer for the face value of a life insurance policy that was unjustifiably cancelled by the employer was not so related to the employee welfare benefit plan of the employer as to make applicable the preemption provisions of the Employee Retirement Income Security Act of 1974 (ERISA). [429-431]

CIVIL ACTION commenced in the Superior Court Department on April 7, 1987.

The case was tried before *Suzanne DelVecchio, J.*

*G. Stephen Anzuoni* for the defendant.

*Marc D. Padellaro* for the plaintiff.

PERRETTA, J. This appeal raises the sole question of whether the Superior Court lacked subject matter jurisdiction under 29 U.S.C. §§ 1001 et seq. (1994), the Employee Retirement Income Security Act of 1974 (ERISA), over the plaintiff's claim against the decedent's employer, the defendant Plymouth & Brockton Street Railway Company (P & B). After her husband's death, the plaintiff made inquiry of P & B about the life insurance coverage that P & B provided its employees, at no cost to them, through Boston Mutual Life Insurance Company (Boston Mutual). When P & B informed the plaintiff that it had canceled her husband's insurance coverage because he had retired from P & B months before his death, she brought this action claiming that her husband had never terminated his employment with P

---

[1]Of the estate of her husband, George A. Leyland.

& B. After a jury found, in response to a special question, that the decedent's employment with P & B had not been terminated, judgment entered for the plaintiff in the amount of the face value of his life insurance policy. On P & B's appeal, we conclude that ERISA does not preempt the plaintiff's claim and affirm the judgment.

1. *The facts.* The plaintiff's husband began his employment with P & B in 1963. He acquired life insurance some twenty years later, when P & B applied to Boston Mutual for a group policy to provide its employees with life, accidental death and dismemberment, and accident and sickness insurance coverage at no cost to them. In June of 1984, the decedent became ill and thereafter received twenty-six weeks of disability benefits from Boston Mutual through P & B. After the decedent's death on December 16, 1985, the plaintiff contacted P & B about payment under her husband's group insurance coverage. P & B advised the plaintiff that because her husband had formally retired from P & B, effective September 1, 1985, it had directed Boston Mutual to terminate his insurance coverage. P & B asserted that as a consequence of the decedent's retirement and the resulting cancellation of his insurance benefits, there was no policy in effect at the time of his death.

When the plaintiff brought this action in 1987, Boston Mutual, a named defendant, sought summary judgment. Its motion was allowed on the basis of the undisputed fact that it had canceled the decedent's coverage at the direction of P & B, which had advised it that the decedent had terminated his employment. Neither the plaintiff nor P & B sought to appeal the judgment in favor of Boston Mutual, and they make no complaint about that judgment on this appeal.

While Boston Mutual sought summary judgment, P & B moved for dismissal of the complaint, arguing that because the action related to an employee benefit plan, as defined by 29 U.S.C. § 1002(1), jurisdiction of the claim was vested exclusively in the United States District Court under 29 U.S.C. § 1132(e)(1). After a Superior Court judge concluded that State jurisdiction existed and denied the motion, P & B unsuccessfully sought relief in the nature of a writ of prohibition in the Supreme Judicial Court. The court held, however, that interlocutory relief was inappropriate because "there may be factual disputes to be resolved before a conclusion on jurisdiction can be reached . . . ." *Plymouth & Brockton St. Ry.* v. *Leyland,*

422 Mass. 526, 529 (1996). The court also noted that the requested relief was "particularly inapt," *id.* at 530, in view of the fact that P & B had taken no steps whatsoever to remove the action to Federal court, an option no longer available because of the thirty-day time limit set out in 28 U.S.C. § 1446(b) (1994).

Notwithstanding the noted loss of its right to seek removal, P & B nonetheless attempted to proceed in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 2201 et seq. (1994), the Federal Declaratory Judgment Act. That action was dismissed, however, on the stated basis that P & B could not use a declaratory judgment action as a "subterfuge to achieve the removal." *Plymouth & Brockton St. Ry.* v. *Leyland*, 941 F. Supp. 14, 15 (D. Mass. 1996). Trial on the plaintiff's complaint then commenced in February, 1997, almost ten years after she brought the instant action.

2. *Discussion.* In view of the jury's finding that the decedent's employment with P & B had not been terminated prior to his death, we proceed on the established basis that the cancellation of his policy was unjustified. Further, we will assume for purposes of this decision that the decedent's life insurance policy was part of an employee benefit welfare plan, as defined by 29 U.S.C. § 1002(1). P & B argues that, because the policy was part of a plan and notwithstanding the unjustified termination of the decedent's life insurance coverage, the plaintiff is without a remedy for its unjustified cancellation for the following reasons.

First, P & B claims that the plaintiff's action is essentially one for breach of fiduciary duty or negligence on its part or that of Boston Mutual, or both, based upon their failure to notify the decedent upon the termination of his employment of his insurance conversion rights under G. L. c. 175, § 134A. P & B claims that ERISA vests exclusive jurisdiction over such an action in the Federal courts. See 29 U.S.C. § 1132(e). The argument fails for the reason that this assertion of exclusive Federal jurisdiction turns on a question of fact, see *Plymouth & Brockton St. Ry.* v. *Leyland*, 422 Mass. at 529, which was resolved against P & B by the jury's finding that the decedent had not terminated his employment with P & B, which removed the notice issue from the case.

P & B next argues that although State and Federal courts have concurrent jurisdiction under 29 U.S.C. § 1132(e) over ac-

tions to recover benefits due under an employee benefit welfare plan, such an action must be brought against the plan as an entity. See *Geladi* v. *Pertec Computer Corp.*, 761 F.2d 1323, 1324-1325 (9th Cir. 1985). We will assume for purposes of this decision that P & B is correct that the plaintiff's claim cannot be treated as an action for "benefits due."[2]

If, as we will assume, the Superior Court lacked concurrent jurisdiction over the plaintiff's action, the decisive issue becomes whether the plaintiff's claim is so related to P & B's employee welfare benefit plan that the preemption provisions of ERISA apply. See 29 U.S.C. § 1144(a). Based upon the plaintiff's complaint, the evidence presented at trial, and the jury's finding that the decedent never terminated his employment with P & B, we think the action must be viewed as no more than one seeking a definite amount of money from P & B for the unjustified, wrongful directive to Boston Mutual to cancel the decedent's life insurance policy. But for P & B's undisputed directive to Boston Mutual, Boston Mutual would have been obligated to pay to the plaintiff, as administratrix of the decedent's estate, the undisputed amount of $20,000. P & B's entire defense was predicated upon the factual issue of whether it justifiably canceled the decedent's life insurance policy. If the plaintiff prevails, the measure of damages is the face amount of the life insurance policy, $20,000.

Based upon the jury's unchallenged finding, there is no question that the plaintiff is entitled to a damage award measured by the face amount of the policy. Such a claim is not one which would either subject P & B (or Boston Mutual) to conflicting or variable standards of recovery or otherwise affect the administration of benefits under the plan. See *Pace* v. *Signal Technology Corp.*, 417 Mass. 154, 160 (1994), where it was stated: "Congress's desire for a broad Federal preemption of State laws relating to benefit plans was motivated by its desire to encourage employers to maintain plans in favor of employees, by eliminating the risk of inconsistent and confusing layers of regulation. See *Fort Halifax Packing Co.* v. *Coyne*, 482 U.S. 1,

---

[2]Were we to reach this issue, our analysis would include consideration of the facts that the plaintiff brought her action against Boston Mutual as well as P & B and that P & B, on Boston Mutual's motion for summary judgment, never refuted the fact that Boston Mutual canceled the decedent's life insurance pursuant to a monthly directive from P & B regarding the employment status of its employees.

9-11 (1987). That a statute whose clear purpose was to benefit employees has become widely used as a shield to protect employers from any deceptive and wrongful acts they may have committed against their employees is an irony we find unacceptable as a governing principle of law." Compare *Kelly* v. *Fort Dearborn Life Ins. Co.*, 422 Mass. 15, 16 (1996), where the court concluded that the plaintiff's claim "to disability benefits . . . unquestionably requires an interpretation of [the] plan."

Because the plaintiff's damages are measured by the face amount of the life insurance policy which was canceled without justification and because the plaintiff's claim does not require an interpretation of the plan and has no effect on the liability of the plan as an entity or on the administration of the plan, as administered by Boston Mutual, we conclude that ERISA does not preempt her claim. Her request for counsel fees is, however, denied.

*Judgment affirmed.*