HERBERT D. BERKSON *vs.* PALMER & DODGE LLP & others.[1] July 17, 1998.
*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Frivolous action, Costs.

"This court will not reverse a single justice's denial of a petition brought pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law." *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993), citing *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). The single justice was correct in denying the plaintiff's petition. There was no basis for the plaintiff's motion in the Appeals Court to reopen the record in his case to add materials; by extension, there was no merit to the plaintiff's petition challenging the Appeals Court's denial of the motion. Therefore, the single justice committed no abuse of discretion or clear error of law.

The defendants seek to obtain costs and fees pursuant to G. L. c. 211, § 10, arguing that the petition was "frivolous [and] immaterial," in the words of the statute. "Such an award is reserved for cases in which the inappropriate action is egregious." *Plymouth & Brockton St. Ry.* v. *Leyland*, 422 Mass. 526, 531-532 (1996), citing *Avery* v. *Steele*, 414 Mass. 450, 456 (1993). In this case, although the plaintiff's petition was without merit, it does not appear, on the whole, that his action in filing it was "egregious."

The order of the single justice denying the petition for relief under G. L. c. 211, § 3, is affirmed. The defendants' request for costs pursuant to G. L. c. 211, § 10, is denied. It is also ordered that no court of this Commonwealth accept any further filing from the plaintiff concerning this dispute unless a judge in the court authorizes the filing. The plaintiff shall be responsible for providing the judge with a copy of this decision at the time he requests leave to file.

---

[1]Willcox, Pirozzolo & McCarthy; Hale and Dorr, LLP; Goodwin, Procter & Hoar, LLP; and Ropes & Gray.

*So ordered.*

*Herbert D. Berkson*, pro se.

*James J. Dillon* for Goodwin, Procter & Hoar LLP & others.

*Jerome P. Facher* for Hale and Dorr, LLP, was present but did not argue.