In the Matter of an Appeal Bond (No. 2). January 15, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Appeal, Bond, Stay of proceedings.

The petitioner appeals from a single justice's August 25, 1998, denial of a request for relief pursuant to G. L. c. 211, § 3.[1] We affirm.

The petitioner unsuccessfully sought, among other relief listed in the August 20, 1998, petition, orders that "the execution in this case be stricken" and that the respondent landlord be "restrained and enjoined" from taking and not taking certain action. An August 21 supplement asserts that the Housing Court judge erred in, among other things, not waiving the (appeal) bond; "in setting a bond above the amount allowed by law"; and in not granting a request to stay execution while the petitioner appealed the dismissal of her appeal (for not filing a bond).

We have frequently stated that relief under G. L. c. 211, § 3, may not be sought as a substitute for normal appellate review; that we exercise our supervisory power sparingly; and that we do so only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy. *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977), and cases cited.

To the extent that the petition sought to prevent the landlord from acting on the execution, the issue was moot, for the landlord had acted before the petition was filed. If the petition is read as one seeking restoration of the petitioner's occupation and use of the premises, we construe it as a challenge to the judgment of the Housing Court, as subject to the regular appellate process; and, therefore, not suitable for relief under G. L. c. 211, § 3.

In turning to the matter of the bond, we first note that shortly before the petitioner initiated this proceeding, this court had concluded that a single justice had correctly denied a c. 211, § 3, petition because this petitioner had an alternative remedy for challenging the bond at issue. *Matter of an Appeal Bond (No. 1), ante* 1013 (1998).

We now consider the petitioner's argument that the Housing Court judge erred in not granting a request to "stay the execution while the [petitioner] was appealing the dismissal of her appeal." We draw the following information from the August 18, 1998, order of the Housing Court judge.

On November 14, 1997, the Housing Court denied the petitioner's motion to waive appeal bond and ordered that the bond be set at $14,770, with $455 to be paid per month for use of the premises. The petitioner then took a number of appellate steps which generated our rescript opinion cited above. The petitioner did not, however, file the bond within five days. The Housing

---

[1]Although the petitioner made subsequent requests for relief which were denied, the docket does not list, and the file does not contain, any other notice of appeal.

Court judge allowed the landlord's motion to dismiss the appeal, denied the requested stay of execution, and the execution for possession was issued. On April 3 the petitioner filed a notice of appeal regarding these orders, but did not request recall of the execution.

We do not reach the petitioner's argument that the judge erred in not granting what is claimed was a request for a stay of execution while the petitioner appealed from the dismissal of the appeal. The judge states: "At no time *after* she filed the notice of appeal on April 3, 1998 (or after she received the forty-eight hour notice on April 8, 1998) did the [petitioner] file a motion or application for a restraining order requesting the Court to order a stay of execution" (emphasis in original).[2] "Had she sought such relief in a timely fashion, and even if the Court declined . . . to grant a stay, the [petitioner] would have had the opportunity to seek further review from a Single Justice of the Appeals Court before the [landlord] levied upon the execution." Over three months elapsed before the petitioner filed the emergency motion for injunction and relief from judgment or order on which the judge acted when making those statements.

The single justice of this court properly denied the request for relief under G. L. c. 211, § 3. The judgment is affirmed.

The landlord has summarized the substantial number of legal actions stemming from this controversy and has requested that the Commonwealth's courts be barred from accepting further filings from the petitioner unless authorized by a Justice of this court, and that the petitioner be required to provide a copy of the order when requesting leave to file.

We order that no court of this Commonwealth accept any further filing from the petitioner concerning this dispute involving the tenancy at unit 31 of 295 Beacon Street in Boston, unless a judge in the court in which any such filing is sought authorizes the filing.[3] The petitioner shall provide the judge with a copy of this opinion when requesting leave to file.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Stewart A. Engel* for the respondent.

*Sandra M. Singer*, pro se.

---

[2]Nor did she seek relief from a single justice of the Appeals Court.

[3]This order would not apply to any appeal pending in the Appeals Court of the order dismissing her summary process appeal for failure to file the appeal bond.