Lois Ellen Petrillo-Aufiero & another[1] *vs.* Louis Petrillo, administrator.[2] March 12, 2002. *Moot Question. Practice, Civil,* Moot case. *Supreme Judicial Court,* Superintendence of inferior courts.

After a default judgment was entered against them in a summary process action in the Superior Court, Lois Ellen Petrillo-Aufiero and Robert Aufiero filed a motion in the Appeals Court for a stay of execution of the judgment.[3] A single justice of the Appeals Court denied their motion. The Aufieros then filed a petition under G. L. c. 211, § 3, in the county court. A single justice of this court denied the petition without a hearing. The Aufieros appeal. We dismiss the appeal as moot.

One day after the Aufieros filed their notice of appeal from the denial of their petition by a single justice of this court, they were evicted from the property. Thus, this court cannot grant the requested relief, a stay of execution of the Superior Court's default judgment, and the appeal is moot. *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) (appeal moot because hearing petitioner sought to have continued took place as scheduled); *Matter of an Appeal Bond (No. 2)*, 428 Mass. 1022, 1022 (1999) (appeal moot because the landlord had already evicted petitioner).

Even if we were to consider their appeal on the merits, the Aufieros would fare no better. The Superior Court's default judgment and its subsequent execution were subject to the usual appellate process. Therefore, the petition is unsuitable for relief under G. L. c. 211, § 3. *Id.* See *Lanoue* v. *Commonwealth*, 427 Mass. 1014, 1015 (1998), quoting *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997) ("[r]elief under G. L. c. 211, § 3, is not available where [the petitioning party has] or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief").

Petrillo's request for sanctions is denied. See *Berkson* v. *Palmer & Dodge LLP*, 428 Mass. 1002, 1002 (1998) (denying sanction request because,

[1]Robert Aufiero.

[2]Of the estate of Eleanor Petrillo.

[3]At the time they filed the motion, the Aufieros had not appealed from the Superior Court's default judgment and the time for filing a notice of appeal had already expired. G. L. c. 239, § 5 (party appealing from judgment of the Superior or District Court in summary process action "shall file a notice of appeal with said court within ten days after the entry of said judgment"). In fact, the Aufieros did not file their notice of appeal from the default judgment until after an execution had been issued and they had been evicted.

"although the plaintiff's position was without merit, it does not appear, on the whole, that his action in filing it was 'egregious' "); *Plymouth & Brockton St. Ry.* v. *Leyland,* 422 Mass. 526, 531-532 (1996) (determining whether appeal is frivolous left to sound discretion of the appellate court and sanctions are "reserved for cases in which the inappropriate action is egregious").

*Appeal dismissed.*

The case was submitted on briefs.

*Lois Ellen Petrillo-Aufiero,* pro se.

*Mark J. Gardner* for the defendant.