The defendant, Keith Niemic, was convicted of murder in the first degree and sentenced to life in prison. We affirmed the conviction. *Commonwealth* v. *Niemic*, 427 Mass. 718 (1998). Niemic subsequently filed three motions for a new trial, in the Superior Court, all of which were denied, as were motions to reconsider the denial of the second and third motions. Niemic then applied to a single justice of this court for leave to appeal from the denial of the third motion for a new trial, pursuant to G. L. c. 278, § 33E. The single justice determined that Niemic had failed to establish a "substantial question" that ought to be considered by this court. Niemic has appealed from the single justice's ruling. The Commonwealth has moved to dismiss the appeal.

The single justice's decision, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable. *Commonwealth* v. *Scott*, 437 Mass. 1008 (2002). *Commonwealth* v. *Ambers*, 397 Mass. 705, 710-711 (1986), and cases cited. Niemic cannot appeal to the full court.[1]

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Keith Niemic*, pro se.

*Craig A. Souza*, Assistant District Attorney, for the Commonwealth.

LAZELL COOK *vs.* COMMONWEALTH. May 9, 2008. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* New trial, Capital case.

The petitioner, Lazell Cook, appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. Although the petitioner filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), he does not appear to be challenging any interlocutory ruling of the trial court. Regardless whether rule 2:21 applies, however, it is clear from the record that the petitioner was not entitled to review pursuant to G. L. c. 211, § 3, and that the single justice therefore correctly denied the petition. We affirm.

---

[1]Niemic's motion for appointment of counsel to represent him in this "appeal" is denied.

Cook was convicted of felony-murder and unarmed robbery. We affirmed those convictions. See *Commonwealth* v. *Cook,* 419 Mass. 192 (1994). Cook subsequently moved for a new trial. The motion was denied by a judge in the Superior Court, and Cook applied to a single justice of this court for leave to appeal from the denial, pursuant to G. L. c. 278, § 33E. The single justice denied the application and we subsequently dismissed Cook's appeal from that denial on the basis that the decision of the single justice is, pursuant to G. L. c. 278, § 33E, final and unreviewable. *Commonwealth* v. *Cook,* 447 Mass. 1023, 1024 (2006). Cook then filed his G. L. c. 211, § 3, petition in the county court, essentially rearguing the issues that he had raised in his motion for a new trial.

The decision of the single justice denying leave to appeal under G. L. c. 278, § 33E, is final and unreviewable, and Cook can not circumvent that by seeking relief pursuant to G. L. c. 211, § 3. See *Leaster* v. *Commonwealth,* 385 Mass. 547, 549 (1982) (dismissing appeals from denials by single justice pursuant to G. L. c. 278, § 33E, and noting that "review should not be afforded by the full court through our powers under G. L. c. 211, § 3, since we deal here with matters in which the Legislature has expressly limited such review"). The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on briefs.

*Lazell Cook,* pro se.