NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11752

SARAH S. KIM  vs.  LLOYD ROSENTHAL.[1]


March 2, 2016.


Supreme Judicial Court, Superintendence of inferior courts.


Sarah S. Kim appeals from a judgment of a single justice of
this court denying her petition for relief pursuant to G. L.
c. 211, § 3, and her complaint for relief in the nature of
certiorari and mandamus pursuant to G. L. c. 249, §§ 4, 5
(collectively, petition).  We affirm.

In November, 2012, the respondent, Lloyd Rosenthal,
commenced a summary process action against Kim in the District
Court.  Kim's condominium unit had been foreclosed upon, and
Rosenthal was the new owner.[2]  The court ruled in Rosenthal's

_____

[1] The Appellate Division of the District Court, Northern
District, was also named as a respondent.  The court is a
nominal party only.  S.J.C. Rule 2:22, 422 Mass. 1302 (1996).
Similarly, the numerous other individuals and organizations
named as respondents who were not parties to the summary process
action from which this proceeding stems are not proper
respondents.

[2] The proceedings that led, eventually, to the summary
process action began in 2007, when the trustees of the
condominium trust commenced an action to establish a lien on
Sarah Kim's unit for unpaid common expenses.  See Trustees of
Mill Creek Condominium Trust v. Kim, 77 Mass. App. Ct. 1114
(2010).  After Kim's unit was subsequently foreclosed upon, the
trustees properly secured a new certificate of title as required
by the law governing registered land.  See Trustees of Mill
Creek Condominium Trust v. Kim, 85 Mass. App. Ct. 1105 (2014).

favor, and Kim appealed to the Appellate Division of the District Court, which affirmed the judgment.  Kim then filed her petition in the county court, stating that she was seeking relief from the Appellate Division decision and also that she "prays the Honorable Court to review and correct errors made in the Superior Court (for Suffolk County); the Land Court, and the Appeals Court, resulting in unwarranted loss of [her] two real properties."  The single justice denied the petition without a hearing.

The crux of Kim's argument, as best we can discern from the record before us, appears to be that the attorney or attorneys who represented the plaintiff in the proceedings that led to the foreclosure of Kim's condominium committed "egregious . . . fraud[]."  In Kim's view, that purported fraud rendered void any judgments that led to the current situation.  Essentially, she appears to be arguing that the judgment against her in the summary process action is void because the underlying foreclosure is void.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief."  Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).  Similarly, "[r]elief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).  See Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, cert. denied, 562 U.S. 1044 (2010), quoting G. L. c. 249, § 4 ("certiorari relief designed to correct errors 'not otherwise reviewable by motion or by appeal'").  The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies.  See, e.g., Russell v. Nichols, 434 Mass. 1015, 1016 (2001).  Kim has not met, and cannot meet, this burden where she had another adequate and effective avenue for seeking relief:  she could have appealed from the Appellate Division decision to the Appeals Court.  Indeed, Kim appealed from some of the judgments that preceded the summary process action, and to the extent that the issues she raises here relate to those proceedings, she had an opportunity to raise those issues in the earlier appeals.  See note 2, supra.

The single justice did not err or abuse his discretion in denying relief.[3]

                    <u>Judgment affirmed</u>.

        <u>Sarah S. Kim</u>, pro se.

---

[3] Two days prior to oral argument, Kim filed a "verified motion to stay the proceeding(s) or dismiss the petition without prejudice pursuant to principle governing standing and subject matter jurisdiction; and the court's inherent authority." That motion is denied. The claims raised therein appear to relate to the proceedings that led, eventually, to the summary process action that is at the root of this current appeal. They are not, in other words, properly before the court as a part of Kim's G. L. c. 211, § 3, petition. Kim is free to pursue those claims in the trial court.