NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12171


RICHARD ZAGRANSKI  vs.  COMMONWEALTH.


June 27, 2017.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Capital case.


     The petitioner, Richard Zagranski, was convicted of murder
in the first degree in 1989.  We affirmed the conviction.  See
Commonwealth v. Zagranski, 408 Mass. 278 (1990).  In 2012,
Zagranski filed a motion for postconviction relief claiming that
he received ineffective assistance of trial and appellate
counsel and seeking, among other things, an order granting him a
new trial, an order vacating his conviction, or an order
reducing the degree of the offense.  He set forth several bases
for the ineffective assistance claim including, as is relevant
here, that his counsel had a conflict of interest that impaired
counsel's ability to provide effective representation.[1]  The
postconviction motion was denied.  Zagranski then filed, in the
county court, a petition for leave to appeal pursuant to G. L.
c. 278, § 33E, in which he continued to press the conflict of
interest argument.  A single justice denied the petition, in
August, 2013, as well as Zagranski's subsequent motion for
reconsideration.[2]

_____

     [1] The conflict of interest issue was considered by the trial
judge at the time of trial, but the fact that Zagranski did not
raise it in his direct appeal did not preclude his raising it in
his motion for a new trial where the same counsel represented
him both at trial and in the direct appeal.  See Commonwealth v.
Edgardo, 426 Mass. 48, 49-50 (1997), and cases cited.

     [2] Zagranski's petition for a writ of certiorari to the
United States Supreme Court was also denied.

In February, 2016, Zagranski filed a "Petition for Extraordinary Relief Pursuant to [G. L. c.] 211, § 3," in the county court in which he claimed that the transcript of the hearing at which the trial judge considered the conflict of interest issue was not a part of the record that was before this court when it considered his direct appeal. In Zagranski's view, the court was thus not able to fulfil its duty pursuant to G. L. c. 278, § 33E, to review "the whole case" because the court did not have a complete record of the trial court proceedings. A single justice denied the petition on the bases that Zagranski has an adequate alternative remedy -- to seek postconviction relief in the trial court -- and that his petition did not, in any event, raise a "new and substantial" issue that would entitle him to review pursuant to G. L. c. 278, § 33E. Zagranski has appealed from the single justice's denial of his petition; the Commonwealth has moved to dismiss the appeal.

A decision of a single justice denying leave to appeal under G. L. c. 278, § 33E, is final and unreviewable, and Zagranski cannot circumvent that by seeking relief pursuant to G. L. c. 211, § 3. See Cook v. Commonwealth, 451 Mass. 1008, 1009 (2008), citing Leaster v. Commonwealth, 385 Mass. 547, 549 (1982). See also Napolitano v. Attorney Gen., 432 Mass. 240, 241 (2000) (gatekeeper decision pursuant to G. L. c. 278, § 33E, cannot be appealed to the full court nor collaterally attacked on the merits through other means). Zagranski nonetheless argues that seeking postconviction relief in the trial court is illogical because what he is asking for is not a new trial or other action in the trial court, but rather a new appeal because, in his view, his direct appeal did not get the "whole case" review to which he is entitled. At its core, however, Zagranski's argument remains one of ineffective assistance of counsel, and that issue should generally first be raised in a motion for postconviction relief in the trial court, so that an adequate record can be developed. Commonwealth v. Zinser, 446 Mass. 807, 810-812 (2006), and cases cited. We do not discount the possibility that he may be entitled to relief, but he should proceed in the first instance in the trial court, not in this court.[3]

---

[3] We think it worth noting that Zagranski has previously raised the conflict of interest issue in his earlier motion for postconviction relief. It will be incumbent on him to show that his current argument regarding the record is not simply an attempt to make an end-run around the denial of his earlier

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Richard Zagranski</u>, pro se.

<u>Eva M. Badway</u>, Assistant Attorney General, for the Commonwealth.

---

motion and denial of leave to appeal pursuant to G. L. c. 278, § 33E.