The defendant, mortgagor, Oratai Culhane, appeals from a final decision of the Appellate Division of the District Court Department reversing a summary process judgment in her favor. She argues, among other things, that the Appellate Division lacked authority to enlarge the statutorily prescribed appeal period. We agree and reverse.
Procedural background. On July 15, 2013, the plaintiff, mortgagee Nationstar Mortgage LLC (Nationstar),[2] brought a postforeclosure summary process complaint against the defendant and her son, Michael J. Culhane, a codefendant.[3] The next day, Oratai and Michael, acting pro se, filed a joint answer and counterclaims. Thereafter Oratai obtained counsel, who filed an assented-to motion to strike Oratai's original answer and allow the filing of a new answer.[4]
Following discovery, on September 3, 2013, Nationstar moved for summary judgment, asserting that it had superior right and title to the property and res judicata[5] barred Oratai's counterclaims. Oratai opposed Nationstar's motion and also moved for summary judgment, asserting that Nationstar failed to provide her with proper notice of default. On September 24, 2013, Oratai's motion for summary judgment was allowed. Judgment entered on September 30, 2013. On October 4, 2013, Nationstar filed and served a motion for reconsideration; the order denying that motion was docketed on December 9, 2013. On December 17, 2013, Nationstar filed a notice of appeal with the Appellate Division.
The appeal was dismissed by the Appellate Division; it was deemed premature as counterclaims against Nationstar remained pending. Thereafter Nationstar filed an assented-to motion to reconsider dismissal of the appeal, asserting that Oratai's motion to strike the original answer and counterclaims had been allowed but not docketed. The motion was denied, without prejudice, as the counterclaims related to Michael remained open. Nationstar then moved for a default judgment against Michael, and that judgment entered on September 19, 2014.
About twenty days later, on October 10, 2014, Nationstar filed a second motion for reconsideration, which, on November 12, 2014, the Appellate Division denied. However, the decision and order allowed Nationstar leave to "file, within 10 days of this order, a new notice of appeal in the trial court, and thereafter perfect its appeal pursuant to Rule 8C."
On November 20, 2014, Nationstar filed a new notice of appeal. The subsequent decision and order of the Appellate Division vacated the judgment for possession for Oratai and entered judgment for possession for Nationstar. This appeal followed.
Discussion. Oratai claims, among other things, that the Appellate Division lacked the authority to enlarge the statutorily prescribed appeal period set forth in G. L. c. 239, § 5. We agree.
Notwithstanding the need for Nationstar to resolve multiple outstanding claims to avoid dismissal of its appeal as premature, all claims were resolved when a default judgment entered against Michael on September 19, 2014.[6] By its plain language, G. L. c. 239, § 5(a ), sets a deadline for any litigant in a summary process action to claim an appeal, specifically, within ten days after entry of the judgment. See Jones v. Manns, 33 Mass. App. Ct. 485, 488-489 (1992). "The period is fixed by statute and is jurisdictional." Id. at 489. "We have required strict adherence to the short period for claiming an appeal prescribed by G. L. c. 239, § 5." Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 504-505 (1997). The Supreme Judicial Court and this court have consistently and strictly enforced this deadline, concluding that a jurisdictional defect is a serious misstep which requires dismissal. See Petrillo-Aufiero v. Petrillo, 436 Mass. 1002, 1002 n.3 (2002) ; Jones v. Manns, supra. Indeed, a motion judge also lacks the authority to provide additional time to file a notice of appeal. See Liberty Mobilehome Sales, Inc. v. Bernard, 6 Mass. App. Ct. 914, 914 (1978). While a timely motion to alter or amend the judgment tolls the clock pursuant to Dist./Mun. Cts. Appellate Division Appeal Rule 4(a) (2013), see Manzaro v. McCann, 401 Mass. 880, 881-882 (1988), the time frame cannot be enlarged.
Because Nationstar failed to timely claim an appeal within the prescribed statutory period, the Appellate Division had no authority to enlarge Nationstar's time to appeal and erred by granting it leave to do so following the denial of its second motion for reconsideration. Accordingly, the judgment entered by the Appellate Division is void for want of subject matter jurisdiction.[7] See Harris v. Sannella, 400 Mass. 392, 395 (1987) (judgment is void where it issues from a court that "lacked jurisdiction over the subject matter").
Decision and order of the Appellate Division reversed.

Nationstar is the holder of a quitclaim deed from the foreclosure sale. The original mortgagee was Aurora Services of Nebraska, LLC.

Michael J. Culhane is not a party to this appeal, a default judgment having entered against him. As the parties share a surname, we will use first names to avoid confusion.

The docket does not reflect action on the motion. However, both parties asserted below that the motion had been allowed.

Oratai unsuccessfully challenged the validity of the foreclosure sale in June of 2011. See Culhane v. Aurora Loan Servs. of Neb., 826 F. Supp. 2d 352 (D. Mass. 2011), aff'd, 708 F.3d 282 (1st Cir. 2013).

Nationstar argues that had it not been for clerical error, its first motion for reconsideration would have been allowed. Regardless, the Appellate Division could not exercise jurisdiction unless Nationstar sought leave to file an interlocutory appeal or until final judgment entered. See Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974). See also Long v. Wickett, 50 Mass. App. Ct. 380, 388 (2000). Nationstar did not file an interlocutory appeal, but chose the latter course.

We need not reach Oratai's other claims on appeal as a result of the decision reached herein. We also decline Nationstar's invitation to exercise our discretion to decide the merits of this case.