NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12261

DAVID C. WALLACE  vs.  PNC BANK, N.A.


January 16, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


David C. Wallace (petitioner) filed a petition in the
county court pursuant to G. L. c. 211, § 3 (general
superintendence); G. L. c. 249, § 4 (relief in the nature of
certiorari); and G. L. c. 249, § 5 (relief in the nature of
mandamus), seeking relief from a judgment of the District Court
in a summary process proceeding.[1]  He also challenged a decision
of the Appellate Division of the District Court affirming the
appeal bond ordered by the trial judge in the same summary
process proceeding.  The single justice denied the petition
without a hearing.  We affirm.

Regardless of whether relief is requested in the nature of
certiorari or mandamus, or by means of the court's extraordinary
power of general superintendence, relief is available only where
the petitioner demonstrates the absence of an adequate and
effective alternative remedy.  See Picciotto v. Appeals Court
(No. 2), 457 Mass. 1002, 1002 (2010), cert. denied, 562 U.S.
1044 (2010) (certiorari review unavailable where other paths for
review available); Boston Edison Co. v. Selectmen of Concord,
355 Mass. 79, 82-83 (1968) (purpose of certiorari is to provide
a remedy in absence of reasonably adequate alternative).  See

_____

[1] The petition also sought to stay execution of the judgment
of eviction, which was scheduled for January 2, 2017.  The
respondent vacated the premises, and it appears that request has
become moot through the passage of time.  We do not address that
issue further.  See Matter of an Appeal Bond (No. 2), 428 Mass.
1022, 1022 (1999).

also Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006) (relief in nature of mandamus is extraordinary, and granted in court's discretion only where other relief unavailable); Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996) (relief properly denied under G. L. c. 211, § 3, "where there are [other] adequate and effective routes . . . by which the petitioning party may seek relief").

The petitioner failed to carry his burden of showing that adequate alternative remedies were not available here. To the extent he challenged the Appellate Division's decision affirming the District Court judge's order declining to waive an appeal bond, "[t]he proper course for [him] to have followed, if [h]e wished further to challenge the bond, was to refuse to pay the bond, suffer the dismissal of [his] summary process appeal, and then appeal to the Appeals Court (on the limited bond issue) from the order of dismissal."[2] Matter of an Appeal Bond (No. 1), 428 Mass. 1013, 1013 (1998) (collecting cases). See Erickson v. Somers, 446 Mass. 1015, 1015 (2006). To the extent he sought review of the underlying summary process proceeding itself or restoration of his use and occupancy of the premises, he could have posted the appeal bond in a timely manner and prosecuted an appeal from the summary process judgment in the ordinary appellate process. See Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016); Matter of an Appeal Bond (No. 2), 428 Mass. 1022, 1022 (1999).[3]

Judgment affirmed.

Rockwell P. Ludden for the petitioner.
Michael Grant for the respondent.

---

[2] The petitioner did not allege that he is indigent or seek waiver of the appeal bond on that ground. See G. L. c. 239, § 5.

[3] We deny the respondent's request for attorney's fees or double costs.