NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13498

OAK-HEE KIM  vs.  NEWTON HOUSING AUTHORITY.


February 23, 2024.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Oak-hee Kim, appeals from the judgment of a
single justice of this court denying her petition for relief in
the nature of mandamus pursuant to G. L. c. 249, § 5.  We
affirm.

Kim failed to appear for trial in a summary process action
in the District Court, and judgment entered against her.  She
then appealed from the judgment to the Appellate Division of the
District Court Department, which scheduled an oral argument.
Kim apparently moved to dismiss her appeal, and she did not
appear for oral argument.  The Appellate Division dismissed
Kim's appeal, and a new execution issued.[1]  While her appeal was
pending, Kim petitioned the single justice of this court for
relief in the nature of mandamus.  The single justice denied
Kim's petition without a hearing, finding no reason to grant
extraordinary relief.

Kim now appeals from the judgment of the single justice.
She has filed a memorandum and appendix pursuant to S.J.C. Rule
2:21, as amended, 434 Mass. 1301 (2001).  Rule 2:21 applies
"[w]hen a single justice denies relief from a challenged
interlocutory ruling in the trial court."  Id.  In her

---

[1] Kim brought motions to stay the new execution, which were
denied by the Newton Division of the District Court Department
and the Appellate Division.  Kim also filed such a motion in
this case, and the motion was denied.

memorandum, however, Kim states that she seeks vacatur of the September 20, 2023, order of execution.[2]  Rule 2:21 therefore does not apply, as Kim's challenge arises not from an interlocutory order but rather from the District Court's final judgment.  See Costello v. Merrill Lynch Credit Corp., 480 Mass. 1027, 1027-1028 (2018); Bishay v. District Court Dep't of the Trial Court, 477 Mass. 1030, 1030 (2017); Durakowski v. Commonwealth, 450 Mass. 1005, 1005 (2007).  Cf. Bishay v. Merrill Lynch Credit Corp., 480 Mass. 1028, 1028-1029 (2018) (questioning whether rule 2:21 applies to order of execution).

Regardless of whether the rule applies, Kim must establish the absence of adequate alternative relief.  Rule 2:21 expressly requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  If, as we hold here, the rule does not apply, then Kim may proceed to appeal from the single justice's denial of her petition, but in that event, "relief is available only [if she] demonstrates the absence of an adequate and effective alternative remedy."  Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018).  See Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016).  Kim cannot meet this standard because adequate and effective relief was available to her in the ordinary appellate process.  See Wallace, supra at 1021; Matter of an Appeal Bond (No. 2), 428 Mass. 1022, 1022 (1999) ("If the petition is read as one seeking restoration of the petitioner's occupation and use of the premises, we construe it as a challenge to the judgment of the Housing Court, as subject to the regular appellate process . . .").  Specifically, Kim could have pursued her appeal before the Appellate Division.  Further, she could have appealed from the Appellate Division's order of dismissal to the Appeals Court.  See G. L. c. 231, § 109; Kim, supra.

---

[2] Kim does not seek a stay of execution but challenges the validity of the order of execution and therefore the final judgment.  The occurrence of the eviction consequently did not render this appeal moot.  See Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1021 (2018); Petrillo-Aufiero v. Petrillo, 436 Mass. 1002, 1002 (2002); Matter of an Appeal Bond (No. 2), 428 Mass. 1022, 1022 (1999).

We therefore conclude that the single justice neither erred nor abused his discretion in denying relief, and we affirm the judgment.[3]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Oak-hee Kim, pro se.

---

[3] Kim has also filed with this court a document entitled "Petition for Accommodations," requesting that this matter be decided on the papers and that counsel be appointed for her. The first request is moot given our resolution of the appeal absent a hearing. The request for appointment of counsel is denied in light of our conclusion that affirmance is dictated by the availability of alternative avenues for relief.